EPPLEY, ADMR., APPELLEE, *v.* TRI-VALLEY LOCAL SCHOOL DISTRICT

BOARD OF EDUCATION, APPELLANT, ET AL.

[Cite as *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.,*

**122 Ohio St.3d 56, 2009-Ohio-1970.**]

*Wrongful-death actions — R.C. 2125.04 — Saving statute — The saving statute for wrongful-death actions, R.C. 2125.04, does not violate the right to equal protection of the law under the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution.*

(No. 2008-0366 — Submitted January 21, 2009 — Decided May 5, 2009.)

APPEAL from the Court of Appeals for Muskingum County,

No. CT2007-0022, 2008-Ohio-32.

_____

SYLLABUS OF THE COURT

The saving statute for wrongful death actions, R.C. 2125.04, does not violate the right to equal protection of the law under the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution.

_____

LANZINGER, J.

{¶ 1} In this case, we are asked to determine the constitutionality of R.C. 2125.04, the wrongful death saving statute. Because we hold that the statute does not violate the right to equal protection of the law, we reverse the judgment of the court of appeals insofar as it holds that the statute is unconstitutional.

I. Case Background

{¶ 2} Joshua M. Eppley, a student in the Tri-Valley Local School District, died on November 26, 2003, in an accident while a passenger in a car

driven by Corey W. Jenkins. Appellee, Randy J. Eppley, the administrator of Joshua's estate, initially filed a complaint on August 3, 2005, for wrongful death against Tri-Valley Local School Board and Tri-Valley Local School District.[1] Eppley dismissed the case without prejudice under Civ.R. 41(A)(1)(a) on September 15, 2005. He refiled the case the following year on September 7.

{¶ 3} The refiled complaint alleged that unnamed employees of the school district engaged in willful, wanton, and reckless conduct by allowing Corey to remove Joshua from school premises without the permission of Joshua's parents and that Joshua's death was the result of that conduct. The school board and the district filed a motion for judgment on the pleadings, arguing that the statute of limitations had run on the complaint before refiling and that they were immune from liability.

{¶ 4} Eppley responded that the general saving statute, R.C. 2305.19, rather than the wrongful death saving statute, R.C. 2125.04, applied to the refiled action. He argued in the alternative that R.C. 2125.04 violated his right to equal protection under the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution. The trial court dismissed the complaint with prejudice under Civ.R. 12 but did not state a reason for the dismissal.

{¶ 5} Eppley appealed, and the Fifth District Court of Appeals reversed the judgment. It held, inter alia, that R.C. 2125.04 violates the right to equal protection because there is no legitimate state interest to which the wrongful death saving statute is rationally related. *Eppley v. Tri-Valley Local School Dist.*, 5th Dist. No. CT2007-0022, 2008-Ohio-32, ¶ 38. We accepted the discretionary

---

1. The complaint also named as defendants John Does 1 through 5. Since John Does 1 through 5 have not been served with a complaint, we need not treat them as parties in this appeal.

appeal of the school board[2] on whether R.C. 2125.04 denies wrongful death claimants the equal protection of the law.

## II. Legal Analysis

### A. The Saving Statutes, R.C. 2305.19(A) and 2125.04

{¶ 6}   The parties have raised two statutes as potentially applicable. The first, the general saving statute relied upon by appellee and the court of appeals, states: "In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or *if the plaintiff fails otherwise than upon the merit*s*, the plaintiff* or, if the plaintiff dies and the cause of action survives, the plaintiff's representative *may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations*, *whichever occurs later*.  This division applies to any claim asserted in any pleading by a defendant." (Emphasis added.) R.C. 2305.19(A).

{¶ 7}   The second statute, specifically referring to wrongful death actions, states:  "In every civil action for wrongful death commenced or attempted to be commenced within the time specified by division (D)(1) or (D)(2)(c), (d), (e), (f), or (g) of section 2125.02 of the Revised Code, if a judgment for the plaintiff is reversed or the plaintiff fails otherwise than upon the merits and *if the time* limited by any of those divisions for the commencement of the action *has expired at the date of the reversal or failure*, the plaintiff or, if the plaintiff dies and the cause of action survives, the personal representative of the plaintiff may commence a new civil action for wrongful death within one year after that date."   (Emphasis added.)  R.C. 2125.04.

---

2. The court of appeals held that the school district could not be sued. *Eppley v. Tri-Valley Local School Dist.*, 5th Dist. No. CT2007-0022, 2008-Ohio-32, ¶ 49.   We denied appellee's cross-appeal, which also challenged the court of appeals' judgment.  Therefore, the school board is the only appellant.

**{¶ 8}** As the Fifth District Court of Appeals observed, before 2000, both statutes granted a plaintiff an additional year in which to refile an action dismissed without prejudice only if dismissal occurred *after* the original statute of limitations had run. *Eppley*, 2008-Ohio-32, at ¶ 16. Sometimes referred to as the "malpractice trap," this meant that a plaintiff whose case had been dismissed without prejudice before the original statute of limitations had run was required to refile the action within the original statutory time, regardless of how much time was left. Id.

**{¶ 9}** The General Assembly amended the general saving statute in 2004, closing the malpractice trap and permitting a plaintiff to refile within one year after dismissal or within the time remaining under the statute of limitations, whichever is longer. *Eppley*, 2008-Ohio-32, at ¶ 17. The General Assembly, however, did not similarly amend the saving statute pertaining to wrongful death actions. Id. at ¶ 18. In making its determination that R.C. 2125.04, rather than R.C. 2305.19, applies, the court of appeals noted that the specific statute takes precedence over a general statute. Id. at ¶ 22. See *State v. Volpe* (1988), 38 Ohio St.3d 191, 194, 527 N.E.2d 818.[3]

**{¶ 10}** Since the wrongful death saving statute is the specific statute, R.C. 2125.04 applies, and the complaint was untimely filed. The fatal accident occurred November 26, 2003, and the case was dismissed without prejudice on September 15, 2005. Under R.C. 2125.04, Eppley's refiling deadline was *not* extended to September 15, 2006. Because the action was dismissed before the two-year statute of limitations ran, Eppley still had only two years from the date of the accident, until November 26, 2005, to bring suit. The question then is whether R.C. 2125.04 violates the right to equal protection.

---

3. We declined jurisdiction over Eppley's cross-appeal, which argued that R.C. 2305.19 is the appropriate statute, and so we will proceed on the basis that the wrongful death saving statute, R.C. 2125.04, applies.

*B. Constitutionality of R.C. 2125.04*

**{¶ 11}** The Fourteenth Amendment to the United States Constitution provides that "[n]o State shall * * * deny to any person within its jurisdiction the equal protection of the laws." Ohio's Equal Protection Clause in turn provides that "[a]ll political power is inherent in the people. Government is instituted for their equal protection and benefit * * *." Section 2, Article I, Ohio Constitution. We have held that the equal protection provisions of the Ohio and federal Constitutions are functionally equivalent and require the same analysis. *State v. Thompson*, 95 Ohio St.3d 264, 2002-Ohio-2124, 767 N.E.2d 251, ¶ 11, citing *Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ.* (1999), 87 Ohio St.3d 55, 59, 717 N.E.2d 286.

**{¶ 12}** We first recognize that statutes are presumed to be constitutional and that courts have a duty to liberally construe statutes in order to save them from constitutional infirmities. *Desenco, Inc. v. Akron* (1999), 84 Ohio St.3d 535, 538, 706 N.E.2d 323.

**{¶ 13}** Because of the presumption of constitutionality, we must consider the nature of rights that are claimed to be at issue, for these determine the nature of our review. When challenging a statute on constitutional grounds, a party may present a facial challenge to the statute as a whole or challenge the statute as applied to a specific set of facts. *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37; *Belden v. Union Cent. Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E.2d 629. See *United States v. Salerno* (1987), 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697. The court of appeals treated Eppley's constitutional challenge as an as-applied challenge. *Eppley* at ¶ 38. We agree. Eppley therefore has the burden of presenting a presently existing state of facts that make the statute unconstitutional under the appropriate level of scrutiny. See *Belden*, 143 Ohio St. 329, 28 O.O. 295, 55 N.E.2d 629.

**{¶ 14}** In an equal protection claim, government actions that affect suspect classifications or fundamental interests are subject to strict scrutiny by the courts. See *Grutter v. Bollinger* (2003), 539 U.S. 306, 326, 123 S.Ct. 2325, 156 L.Ed.2d 304; *Washington v. Glucksberg* (1997), 521 U.S. 702, 720-721, 117 S.Ct. 2258, 138 L.Ed.2d 772; see also *Thompson,* 95 Ohio St.3d 264, 2002-Ohio-2124, 767 N.E.2d 251, at ¶ 13. A wrongful death action, however, does not implicate either a suspect classification or a fundamental interest. See *Keaton v. Ribbeck* (1979), 58 Ohio St.2d 443, 12 O.O.3d 375, 391 N.E.2d 307 (applying rational basis review to a wrongful death statute).

**{¶ 15}** Under the rational basis review, a statute that implicates neither a fundamental right nor a suspect classification does not violate the Equal Protection Clause if the statute is rationally related to a legitimate government interest. *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 29, 550 N.E.2d 181. We grant "substantial deference" to the judgment of the General Assembly in a rational basis review. *State v. Williams* (2000), 88 Ohio St.3d 513, 531, 728 N.E.2d 342. Therefore, we must determine whether there is a legitimate reason to treat a plaintiff who sues for wrongful death under R.C. 2125.04 differently from any other plaintiff.

**{¶ 16}** Eppley argued before the court of appeals that strict scrutiny is appropriate because parents have a fundamental right to enjoy a loving relationship with their children. However, R.C. 2125.04 does not implicate this right because, on its face, it addresses only the right to refile a wrongful death lawsuit. It does not address the parent-child relationship. Furthermore, an action for wrongful death is governed solely by the terms of the wrongful death statute. See *Keaton,* 58 Ohio St.2d at 446, 12 O.O.3d 375, 391 N.E.2d 307. Therefore, it is not a fundamental right that merits strict scrutiny.

**{¶ 17}** Eppley argues that there is no rational basis for the General Assembly to extend the general saving statute in R.C. 2305.19 but not to do so in

R.C. 2125.04 and that the different language is a drafting error. This argument is speculative at best. The General Assembly explained that it amended R.C. 2125.04, and other portions of the Revised Code, to further the state's "rational and legitimate * * * interest in making certain that Ohio has a fair, predictable system of civil justice that preserves the right of those who have been harmed by negligent behavior, while curbing the number of frivolous lawsuits." Section 3(A)(3), Am.Sub.S.B. 80, 150 Ohio Laws, Part V, 7,915, 8,024. If a statute bears a rational relationship to a government interest, our role is not to cross-check the General Assembly's findings to ensure that we would agree with its conclusions. *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 58.

{¶ 18} The school board suggests several differences between general tort claims and wrongful death claims that provide a rational basis for a different wrongful death saving statute. General tort claims are direct actions, while wrongful death claims are derivative in nature, brought on behalf of the decedent's next of kin; wrongful death claims are statutory, while claims for personal injury are common-law claims; the proceeds in wrongful death claims are recovered for distribution to the beneficiaries designated under the statute of descent and distribution, R.C. 2105.06, whereas personal injury awards are made directly to the injured party; and although damages in general tort actions have been limited by R.C. 2315.18, damages recoverable in wrongful death claims cannot be limited. Section 19a, Article I, Ohio Constitution.

{¶ 19} We find these last two differences to be persuasive. Resolving claims expeditiously is a legitimate government interest. Unlike the general saving statute, the wrongful death saving statute prevents a plaintiff who has dismissed his or her claim before the expiration of the initial statutory period from refiling after expiration and thereby extinguishes the claim. The more restrictive wrongful death saving statute prevents delaying the timely disbursement of the

estate of the deceased when damages are recovered for distribution to the beneficiaries of the estate. It also protects defendants against claims that cannot be limited statutorily. R.C. 2125.04 is therefore constitutional because it is rationally related to the legitimate government interest of resolving cases expeditiously. It applies equally to all who are similarly situated and does not violate equal protection.

### C. Statutory Immunity Claim

{¶ 20} When the trial court dismissed the complaint, it did not indicate whether the dismissal was because the action had been untimely filed or because the school board had statutory immunity. The court of appeals remanded the case, holding both that R.C. 2125.04 is unconstitutional and that because the issue of statutory immunity had not been fully developed on the record, the court had no basis to dismiss the action. *Eppley v. Tri-Valley Local School District*, 5th Dist. No. CT 2007-0022, 2008-Ohio-32, ¶ 38, 49. Because we hold R.C. 2125.04 to be constitutional as applied to this action, the trial court properly dismissed the action.

{¶ 21} We need not reach the issue of statutory immunity. Having upheld the constitutionality of R.C. 2125.04, we have found that the action was untimely filed. While we have been asked to consider the nonconstitutional issue of statutory immunity, jurisdiction is a condition precedent to a court's ability to hear a case. *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002. The timely filing of a complaint is essential to prosecute a wrongful death cause of action. R.C. 2125.02(D)(1) ("a civil action for wrongful death shall be commenced within two years after the decedent's death"); see also *Brookbank v. Gray* (1996), 74 Ohio St.3d 279, 291, 658 N.E.2d 724. Because R.C. 2125.02(D)(1) is a restriction that qualifies the cause of action, we have no occasion to reach the school board's second and third propositions of law once the constitutionality of R.C. 2125.04 has been upheld.

### III. Conclusion

{¶ 22} We reverse the judgment of the court of appeals and hold that the saving statute for wrongful death actions, R.C. 2125.04, does not violate the right to equal protection of the law under the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution.

Judgment reversed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 23} I prefer to see the distinction between the saving clauses contained in R.C. 2125.04 and 2305.19(A) as the result of legislative inadvertence. The General Assembly fixed the "malpractice trap" associated with the saving statute in R.C. 2305.19, and given that R.C. 2305.19(A) applies "[i]n *any action* that is commenced or attempted to be commenced," the General Assembly could have assumed that it would apply to wrongful-death actions. (Emphasis added.) Everyone makes mistakes, even the Ohio General Assembly.

{¶ 24} The amendment of R.C. 2305.19(A) was meant to fix inequitable treatment of certain plaintiffs: "The framers of the amendment expressed concern that the pre-amendment version treated arguably * * * similarly situated plaintiffs differently, by giving a plaintiff who exercises a Rule 41(A)(1) dismissal a full year to refile, while a plaintiff who dismisses before the statute [of limitations] runs possibly only one or two days to refile. The amendment permits plaintiffs one year to refile, or the time left (if any) on an unexpired statute of limitations, whichever is later." (Footnote omitted.) 3 Anderson's Ohio Civil Practice (2008) 148-40, Section 148.13.

**{¶ 25}** If the General Assembly's inaction in failing to make the same change to R.C. 2125.04 was purposeful, that is more disturbing than a mistake. There is no rational basis to distinguish between wrongful-death plaintiffs and all other plaintiffs in fixing the malpractice trap. Is there a rational basis to fix a disparity that existed between plaintiffs that dismissed civil claims within a few days of each other but to not have that fix apply to wrongful-death plaintiffs? If the General Assembly's aim is to speed along wrongful-death claims, as the majority posits, it has not adopted a rational method to achieve that end. Wrongful-death plaintiffs still have the ability to extend the lives of their claims, as long as they wait to dismiss their claims until the statute of limitations has passed. To encourage prompt dismissals and refilings, the General Assembly should have made the same amendment to R.C. 2125.04 as it made to R.C. 2305.19(A). If the General Assembly's aim was to perpetuate a malpractice trap only for wrongful-death plaintiffs in order to limit overall damages awarded in wrongful-death cases, that would constitute an illegitimate attempt to limit the damages recoverable in wrongful-death claims and would violate Section 19a, Article I, of the Ohio Constitution.

**{¶ 26}** The majority has attempted to attribute rationality to the General Assembly's unintentional act. The General Assembly thus emerges worse than if it had been merely mistaken.

_____

Elk & Elk Co., Ltd., Martin S. Delahunty, John W. Gold, and Peter D. Traska, for appellee.

Britton, Smith, Peters & Kalail Co., L.P.A., David Kane Smith, and Michael E. Stinn, for appellant.

_____