The STATE of Ohio, Appellee,

v.

TURNER, Appellant.

[Cite as *State v. Turner*, 192 Ohio App.3d 323, 2011-Ohio-393.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23880.

Decided Jan. 28, 2011.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellee.

Richard A. Nystrom, for appellant.

---

FAIN, Judge.

{¶ 1} Defendant-appellant, Kevin Wayne Turner, appeals from his conviction for escape, in violation of R.C. 2921.34. Turner contends that the statute proscribing escape is unconstitutional because its language is ambiguous and vague. He further contends that the statute violates his right to equal protection because it permits selective prosecution of certain individuals.

{¶ 2} We conclude that the language used within the statute is not vague or ambiguous and that it provides clear guidance as to the type of behavior proscribed. We further conclude that Turner has failed to present evidence to support his claim that he was denied equal protection under the law.

{¶ 3} Accordingly, the judgment of the trial court is affirmed.

I

{¶ 4} In 1995, Turner was convicted of one count of burglary and was sentenced to a prison term of three to 15 years. He was paroled on December 19, 2008, and was released to live in the Alvis Halfway House in Dayton.

{¶ 5} Jason Butler of the Adult Parole Authority was assigned as Turner's parole supervisor. Butler and Turner met on December 22, 2008, to discuss the terms of parole. At that time Turner initialed and signed a document entitled "Conditions of Supervision." The document contained the following condition:

{¶ 6} "2. I will always keep my supervising officer informed of my residence and place of employment. I will obtain permission from my supervising officer before changing my residence or my employment. I understand that if I am a releasee and abscond supervision, I may be prosecuted for the crime of escape, under section 2921.34 of the Revised Code."

{¶ 7} During that initial meeting, Butler and Turner made an appointment to meet on January 22, 2009. Butler was visiting Alvis House on January 2 on other business when he encountered Turner and reminded him of the scheduled meeting. Turner failed to appear for the January 22 meeting.

{¶ 8} On January 29, Turner expressed his desire to leave Alvis House and was terminated from the program that same day. Staff from Alvis House informed Butler of the termination. Turner was notified that he was required to report to

the Adult Parole Authority offices on January 30. Turner failed to report to the offices on that date.

{¶ 9} Because Turner had failed to provide any forwarding address, Butler was not able to contact him after his departure from Alvis House. Thereafter, on March 3, 2009, a warrant was issued for Turner's arrest. Turner was arrested on the warrant in July. He failed to contact Butler at any time prior to his arrest.

{¶ 10} Turner was indicted on one count of escape. Following a bench trial, he was convicted as charged and sentenced to a prison term of two years. From his conviction and sentence, Turner appeals.

## II

{¶ 11} Turner's first assignment of error states:

{¶ 12} "Whether the escape statute is unconstitutionally vague as applied in failing to give violators at least constructive notice of what behavior is prohibited and thereby precluded defendant's constitutional rights to due process under the Fifth and Fourteenth Amendment of the United States Constitution and Article I Section 10 of the Ohio State Constitution."

{¶ 13} The offense of escape is set forth in R.C. 2921.34:

{¶ 14} "(A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."

{¶ 15} Turner argues that the word "break" contained within R.C. 2921.34(A)(1) is so vague and ambiguous that it fails to alert parolees to the type of behavior proscribed. In support, he notes that the word is not defined within the statute and that "dictionary definitions of break include a long list of synonyms for words with very different meanings like smash, fracture, crash, tame, infringe, rest, enter, cut into, stop, interrupt, rest, become known, destroy, decipher, beat, chance, etc." According to Turner, "most of these meanings do not apply to a detention situation[, and the] ones that may apply allow for such a variety of behaviors that it is unclear what is prohibited and what is not." We disagree.

{¶ 16} All statutes enacted in Ohio are presumed to be constitutional. *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 12, citing *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas* (1967), 9 Ohio St.2d 159, 161, 38 O.O.2d 404, 224 N.E.2d 906. A party challenging the constitutionality of a statute bears the burden of proving beyond a reasonable

doubt that the statute is unconstitutional. Id., citing *Roosevelt Properties Co. v. Kinney* (1984), 12 Ohio St.3d 7, 13, 12 OBR 6, 465 N.E.2d 421. "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *State v. VFW Post 431*, Montgomery App. No. 19892, 2004-Ohio-3566, 2004 WL 1497554.

██ {¶ 17} A challenge for vagueness requires one to show that the statute is vague " 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' " *State v. Anderson* (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224. "Accordingly, when a statute is challenged under the due process doctrine of vagueness, a court must determine whether the enactment (1) provides sufficient notice of its proscriptions and (2) contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement." *Perez v. Cleveland* (1997), 78 Ohio St.3d 376, 378, 678 N.E.2d 537. "Detention means * * * supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution; or confinement in any vehicle." R.C. 2921.01(E). "Break" is defined, in addition to the definitions provided by Turner, as a "violation or transgression * * * as in break the law." Webster's Ninth New Collegiate Dictionary (1988) 176.

{¶ 18} We conclude that the definitions of "stop" and "interrupt" as provided by Turner are sufficient to put an individual on notice of the type of behavior proscribed by the statute. Turner remained under detention by virtue of being on parole. He clearly knew, and does not deny that he knew, that he was required as part of his detention to report to his parole officer. He further knew the dates for reporting. He failed to keep those appointments and failed to keep Butler advised of his whereabouts. Thus, he effectively stopped or interrupted his detention. Furthermore, even if we ignore the "break" section of the statute, we conclude that the trial court could have found, on these facts, that Turner

purposefully failed to return to detention by failing to report to his supervising officer, thereby violating the express terms of the statute.

{¶ 19} Turner's first assignment of error is overruled.

### III

{¶ 20} Turner's second assignment of error states:

{¶ 21} "Whether the escape statute is unconstitutionally applied when it exposes defendants to double jeopardy and unequal protection of law when they are also subject to other criminal sanctions for the same behavior and thereby precluded defendant's constitutional rights under the Fifth and Fourteenth Amendment of the United States Constitution and Article I Section 10 of the Ohio State Constitution."

{¶ 22} Turner's stated assignment of error contains an assertion that the escape statute violates the prohibition against double jeopardy. But Turner concedes that this argument has been overruled by the Ohio Supreme Court in *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250. Accord *State v. Wilson*, Montgomery App. No. 23602, 2010-Ohio-305, 2010 WL 334951.

{¶ 23} Turner alternatively argues that the statute violated his right to the equal protection of law. Specifically, he claims that he was the victim of a selective or discriminatory prosecution, in violation of his right to the equal protection of the laws.

{¶ 24} The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that "no State shall * * * deny to any person within its jurisdiction the equal protection of the laws." Section 2, Article I of the Ohio Constitution states: "All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform, or abolish the same, whenever they may deem it necessary; and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the General Assembly." Although worded differently, "[t]he limitations placed upon governmental action by the Equal Protection Clauses of the Ohio and United States constitutions are essentially identical." *Beatty v. Akron City Hosp.* (1981), 67 Ohio St.2d 483, 491, 21 O.O.3d 302, 424 N.E.2d 586.

{¶ 25} As a general rule, " '[a] person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual.' " *Hill v. Croft*, Franklin App. No. 05AP–424, 2005-Ohio-6885, 2005 WL 3528839, at ¶ 16, quoting *Huebschen v. Dept. of Health & Social*

*Servs.* (C.A.7, 1983), 716 F.2d 1167, 1171. "A 'class of one,' however, may appropriately maintain an equal protection claim where the plaintiff alleges both that the state treated the plaintiff differently from others similarly situated and that no rational basis exists for such difference in treatment." *Meyers v. Columbus Civ. Serv. Comm.*, Franklin App. No. 07AP–958, 2008-Ohio-3521, 2008 WL 2751225, at ¶ 18. In an equal-protection claim, government actions that affect suspect classifications or fundamental interests are subject to strict scrutiny by the courts. *Eppley v. Tri–Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 14. In the absence of a suspect classification or fundamental interest, the state action is subject to a rational-basis test. Id.

{¶ 26} The decision whether to prosecute a criminal offense is generally left to the discretion of the prosecutor. *United States v. Armstrong* (1996), 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687. "[T]here is * * * a 'strong presumption of regularity' in prosecutorial discretion. *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 533, 709 N.E.2d 1148, 1155. A defendant asserting a violation of the right to equal protection because of selective prosecution 'bears a heavy burden.' Id. The right is not violated simply because others similarly situated are not prosecuted for similar conduct. * * * The standard is 'intentional and purposeful discrimination.' " *State v. Norris* (2002), 147 Ohio App.3d 224, 229, 769 N.E.2d 896, quoting *State v. Freeman* (1985), 20 Ohio St.3d 55, 58, 20 OBR 355, 485 N.E.2d 1043.

{¶ 27} With the exception of Turner's unsubstantiated allegations, we can glean nothing substantive from the record to suggest that the actions taken by the state were in any way motivated by prosecutorial vindictiveness or political pressure. Moreover, Turner has failed to make even a cursory showing that others similarly situated have not generally been prosecuted for conduct similar to that forming the basis of the charge against him. Likewise, he has not demonstrated that the claimed selective prosecution was deliberately based upon the basis of his race, religion, or other suspect classification. Thus, we conclude that his claim that he was denied the equal protection of the law is without merit.

{¶ 28} Turner's second assignment of error is overruled.

## IV

{¶ 29} Both of Turner's assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

GRADY, P.J., and FROELICH, J., concur.