[Cite as *State v. Burke*, 2016-Ohio-8185.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26812 |
| | : | |
| v. | : | T.C. NO. 13CR2989 |
| | : | |
| TRAVIS A. BURKE | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the ___16th___ day of _____December_____, 2016.

. . . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

BROCK A. SCHOENLEIN, Atty. Reg. No. 0084707, 371 West First Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Defendant-appellant Travis Burke appeals his conviction and sentence for three counts of aggravated murder, in violation of R.C. 2903.01(B), all unclassified felonies; two counts of aggravated burglary, in violation R.C. 2911.11(A)(1) and (2), both felonies of the first degree; two counts of aggravated robbery, in violation of R.C.

2911.01(A)(1) and (3), both felonies of the first degree; one count of trespass in a habitation when a person is present or likely to be present, in violation of 2911.12(B), a felony of the fourth degree; and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree. Burke filed a timely notice of appeal with this Court on August 24, 2015.

{¶ 2} The incident which forms the basis for the instant appeal occurred on the afternoon of April 8, 2013, when Burke broke into the home of the victim, eighty-two year old Edith King, and stabbed her to death at her residence in West Carrollton, Ohio. After murdering King, Burke dragged her body into the bathroom and placed it next to the toilet. Burke then poured house-cleaning products all over King's body, as well as the areas of the house where blood had gotten. Burke stole gold jewelry from King's house which he later had a friend sell at a local pawn shop. Burke also stole King's motor vehicle, a 2005 Hyundai Elantra. The vehicle was later found abandoned at an apartment complex located at 3601 Limestone Avenue, an area known for illegal drug use. Burke's blood was found in the vehicle. Police also discovered a bloody thumbprint on the kitchen faucet in King's house. The blood was found to contain a mixture of Burke and King's DNA. When Burke was initially interviewed by the West Carrollton police, he was found to have a fresh crescent-shaped cut on his left index and ring fingers.

{¶ 3} Thereafter, on February 21, 2014, Burke was indicted for three counts of aggravated murder, two counts of aggravated burglary, two counts of aggravated robbery, one count of trespass in a habitation when a person is present or likely to be present, and one count of tampering with evidence. At his arraignment on March 6, 2014, Burke stood mute, and the trial court entered pleas of not guilty on his behalf.

{¶ 4} On April 7, 2014, Burke filed a motion to suppress statements he made to the police. A hearing was held on said motion on July 3, 2014 and August 8, 2014. On October 23, 2014, the trial court issued a decision sustaining in part and overruling in part Burke's motion to suppress.

{¶ 5} A jury trial was scheduled for March 10, 2015. On that date, however, Burke entered guilty pleas to all counts in the indictment pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). At the plea hearing, the trial court considered all of the State's evidence against Burke and acknowledged his reasons for pleading guilty. After engaging in a full Crim.R. 11 colloquy, the trial court accepted Burke's pleas, found him guilty, ordered a pre-sentence investigation (PSI), and set the matter for a sentencing hearing.

{¶ 6} On April 10, 2015, the trial court conducted an evidentiary hearing wherein the State presented the testimony of King's daughter, who found her mother's body, the Deputy Coroner Robert Shott, who performed the autopsy on King, and Detective Mark Allison, who investigated the murder. The trial court then provided the parties the opportunity to file sentencing memoranda. At final disposition on April 19, 2015, the trial court merged the counts of aggravated murder, aggravated burglary, and trespass in a habitation into one count of aggravated murder. The trial court also merged the two counts of aggravated robbery. Thereafter, the trial court sentenced Burke to life in prison without the possibility of parole for aggravated murder, eleven years imprisonment for aggravated robbery, and three years for tampering with evidence. The trial court ordered the sentences to be served consecutively for an aggregate term of life in prison without the possibility of parole plus fourteen years.

{¶ 7} It is from this judgment that Burke now appeals.

{¶ 8} Burke's sole assignment of error is as follows:

{¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING, AND REVIEW THEREOF SHOULD BE PERMISSIBLE BECAUSE R.C. 2953.08(D) IS UNCONSTITUTIONAL."

{¶ 10} In his sole assignment of error, Burke contends that R.C. 2953.08(D) violates the Equal Protection Clause and is therefore unconstitutional because the statute precludes review of his sentence for aggravated murder.   Additionally, Burke argues that if we find R.C. 2953.08(D) to be unconstitutional, then the facts in the instant case establish that he should not have been sentenced to life without the possibility of parole for his aggravated murder conviction.

{¶ 11} Burke was convicted of aggravated murder, in violation of R.C. 2903.01(B), which states as follows:

(B) No person shall purposely cause the death of another or the unlawful termination of another's pregnancy while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping, rape, aggravated arson, arson, aggravated robbery, robbery, aggravated burglary, burglary, trespass in a habitation when a person is present or likely to be present, terrorism, or escape.

{¶ 12} Thereafter, the trial court sentenced Burke pursuant to R.C. 2929.03(A)(1)(a), which states in pertinent part:

(A) If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances

listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose sentence on the offender as follows:

(1) Except as provided in division (A)(2) of this section, the trial court shall impose one of the following sentences on the offender:

(a) *Life imprisonment without parole*;

(b) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving twenty years of imprisonment;

(c) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(d) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment ***.

{¶ 13} As previously stated, Burke was sentenced to life in prison without the possibility of parole for the aggravated murder of Edith King. R.C. 2953.08(D) governs review of felony sentencing and precludes appellate review of sentences for aggravated murder. Specifically, R.C. 2953.08(D)(3) provides, "[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." The Ohio Supreme Court has held that this is unambiguous: a sentence for aggravated murder imposed pursuant to R.C. 2929.02 to 2929.06 cannot be reviewed. *State v. Porterfield,* 106 Ohio St.3d 5, 2005–Ohio–3095, 829 N.E.2d 690; *State v. Jones*, 2d Dist. Clark No. 2012 CA 61, 2013-Ohio-4820, ¶ 26.

{¶ 14} The State argues that the plain unambiguous language in R.C.

2953.08(D)(3), as well as *Porterfield* and our decision in *Jones*, prevent review of Burke's life sentence without the possibility of parole for his conviction for aggravated murder. While acknowledging the existence of *Porterfield* and *Jones*, Burke argues that R.C. 2953.08(D)(3) is unconstitutional under the Equal Protection Clause because "the effect [of the statute] (and in all likelihood the purpose) is to flatly treat those who receive sentences for aggravated murder differently than virtually the entirety of all other criminal offenders," namely those who can seek appellate review of their sentences.

{¶ 15} Initially, we note the State argues that Burke failed to raise his Equal Protection argument before the trial court at disposition when he was sentenced to life imprisonment without parole for aggravated murder. Generally, a constitutional argument that is not raised in the trial court is "waived and cannot be raised for the first time on appeal." *State v. Brewer,* 2d Dist. Montgomery No. 26153, 2015-Ohio-693, ¶ 36. We do retain the ability, however, "to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." *Id.,* citing *In re M.D.,* 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus. In the instant case, the statute at issue, R.C. 2953.08(D)(3), only narrowly applies to the preclusion of appellate review of a sentence for aggravated murder imposed pursuant to sections 2929.02 to 2929.06 of the Revised Code. Therefore, Burke was not required to raise his constitutional challenge at sentencing because the trial court did not have any authority to rule on an argument that must only be determined by a court with appellate jurisdiction after his sentence for aggravated murder was imposed.

{¶ 16} The equal protection clause of the Fourteenth Amendment to the United States Constitution provides, "[n]o State shall * * * deny to any person within its jurisdiction

the equal protection of the laws." Ohio's equal protection clause, Article I, Section 2 of the Ohio Constitution, provides, "[a]ll political power is inherent in the people. Government is instituted for their equal protection and benefit * * *." Because these two provisions are functionally equivalent, they require the same analysis. *State v. Williams,* 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, ¶ 38, citing *Eppley v. Tri–Valley Local School Dist. Bd. of Edn.,* 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 11.

{¶ 17} "Equal protection analysis begins with the rebuttable presumption that statutes are constitutional." *State v. Peoples,* 102 Ohio St.3d 460, 2004-Ohio-3923, 812 N.E.2d 963, ¶ 5, citing *Adamsky v. Buckeye Local School Dist.,* 73 Ohio St.3d 360, 361, 653 N.E.2d 212 (1995). Consequently, the burden is on the party asserting that the statute is unconstitutional to prove that the statute is unconstitutional beyond a reasonable doubt. *State v. Brownfield,* 12th Dist. Butler No. CA2012–03–065, 2013-Ohio-1947, ¶ 8. At the same time, "courts have a duty to liberally construe statutes in order to save them from constitutional infirmities." *Eppley* at ¶ 12, citing *Desenco, Inc. v. Akron,* 84 Ohio St.3d 535, 538, 706 N.E.2d 323 (1999).

{¶ 18} Because of the presumption of constitutionality, the extent of the appellate court's review is determined by the nature of the appellant's challenge to the statute. *Eppley* at ¶ 13. A party may challenge a statute as either unconstitutional on its face, or as applied to a particular set of facts. *Harrold v. Collier,* 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37. A facial challenge is the most difficult to bring successfully because the challenger must establish that there are no circumstances under which the statute would be valid. *Id.* Where statutes are challenged as applied to

a particular set of facts, the challenger bears the burden of presenting clear and convincing evidence of a presently existing set of facts that make the statutes unconstitutional and void when applied to those facts. *Id.* at ¶ 38. In the case at bar, it is apparent that Burke is not merely challenging R.C. 2953.08(D)(3) as it applies specifically to him, but rather as it applies to the preclusion of appellate review of a sentence for aggravated murder imposed upon defendants generally pursuant to sections 2929.02 to 2929.06 of the Revised Code.

{¶ 19} Next, we must discern the appropriate level of scrutiny. *Eppley* at ¶ 13. In considering whether a statute violates equal protection guarantees, courts apply different levels of scrutiny to different types of classifications. *State v. Thompson,* 95 Ohio St.3d 264, 2002-Ohio-2124, 767 N.E.2d 251, ¶ 13, citing *Clark v. Jeter,* 486 U.S. 456, 461, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988). Statutes that make classifications based upon a suspect class are subject to strict scrutiny, as are statutes involving fundamental constitutional rights. *Thompson* at ¶ 13. Additionally, a statute that makes a classification based on sex or illegitimacy is subject to heightened or intermediate scrutiny. *Id.* Statutes that are not subject to either strict or heightened scrutiny are subject to rational basis review. *Eppley* at ¶ 15, citing *Menefee v. Queen City Metro,* 49 Ohio St.3d 27, 29, 550 N.E.2d 181 (1990).

{¶ 20} R.C. 2953.08(D)(3) is not subject to strict scrutiny. Aggravated murder defendants who receive a life sentence without parole upon conviction are not members of a suspect class. "[A] suspect class is one 'saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian

political process.' " *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 313, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976), quoting *San Antonio Indep. School Dist. v. Rodriguez*, 411 U.S. 1, 28, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).

{¶ 21} Nor does R.C. 2953.08(D)(3) implicate a fundamental constitutional right. Some rights which have been recognized as fundamental include the right to vote, the right of interstate travel, rights guaranteed by the First Amendment to the United States Constitution, and the right to procreate. *Murgia,* at 312, fn. 3. *See also Albright v. Oliver*, 510 U.S. 266, 272, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Here, Burke argues that he has been deprived of his fundamental right of liberty. "Every person has a fundamental right to liberty in the sense that the Government may not punish him unless and until it proves his guilt beyond a reasonable doubt at a criminal trial conducted in accordance with the relevant constitutional guarantees. [Citation omitted.] But a person who *has* been so convicted is eligible for, and the court may impose, whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual, [citations omitted], and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment." *Chapman v. U.S.,* 500 U.S. 453, 465, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991).

{¶ 22} Moreover, R.C. 2953.08(D)(3) does not govern conviction or imprisonment. Rather, R.C. 2953.08(D)(3) acts to limit the jurisdiction of an appellate court to review sentences for aggravated murder or murder. All that R.C. 2953.08(D)(3) does is bar a right of appeal conferred by R.C. 2953.08(A) when the requirements of R.C. 2953.08(D)(3) are satisfied. *State v. Lentz*, 2d Dist. Miami No.01CA31, 2003-Ohio-911, ¶ 16. The rights conferred by R.C. 2953.08(A) are not constitutional, but statutory. *Id.*

Thus, Burke's equal protection challenge to R.C. 2953.08(D)(3) is properly analyzed under the rational basis standard.

{¶ 23} Burke's argument presents the question whether the procedures governing appellate review set forth in R.C. 2953.08(D)(3) unconstitutionally distinguish between individuals convicted of aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code and individuals convicted of other crimes whose sentences are, in fact, subject to appeal under R.C. 2953.08. Upon review, we conclude that Burke's argument is without merit.

{¶ 24} "The rational-basis test involves a two-step analysis. We must first identify a valid state interest. Second, we must determine whether the method or means by which the state has chosen to advance that interest is rational." *McCrone v. Bank One Corp.,* 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 9, citing *Buchman v. Wayne Trace Local School Dist. Bd. of Edn.,* 73 Ohio St.3d 260, 267, 652 N.E.2d 952 (1995). Pursuant to a rational-basis review, the state " 'has no obligation to produce evidence to sustain the rationality of a statutory classification.' " *Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray,* 127 Ohio St.3d 104, 2010-Ohio-4908, 936 N.E.2d 944, ¶ 20, quoting *Columbia Gas Transm. Corp. v. Levin,* 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, at ¶ 91. The party challenging the constitutionality of a law " 'bears the burden to negate every conceivable basis that might support the legislation.' " *Id.*

{¶ 25} Ohio courts grant substantial deference to the legislature when conducting an equal-protection rational-basis review. *State v. Williams,* 88 Ohio St.3d 513, 531, 728 N.E.2d 342 (2000). Classifications will be invalidated only if they " 'bear no relation to the state's goals and no ground can be conceived to justify them.' " *State v. Peoples,* 102

Ohio St.3d 460, 2004-Ohio-3923, 812 N.E.2d 963, ¶ 7, quoting *State v. Thompkins,* 75 Ohio St.3d 558, 561, 664 N.E.2d 926 (1996).

> "The General Assembly's practice of treating sentencing for aggravated murder and murder convictions differently from other felonies is longstanding. Before the 1996 Senate Bill 2 felony sentencing amendments, the courts likewise held that the general felony sentencing requirements did not apply in aggravated murder cases. * * * Defendant has shown nothing to indicate that the General Assembly intended to change this well-established sentencing practice and the comprehensive sentencing scheme in aggravated murder and murder cases."

*Jones* at ¶ 25, quoting *State v. Hollingsworth,* 143 Ohio App.3d 562, 569, 758 N.E.2d 713 (8th Dist.2001).

**{¶ 26}** Sentencing for murder and aggravated murder falls under a special, comprehensive statutory scheme different from that applied to other felonies. *Hollingsworth,* 143 Ohio App.3d 562, 566, 758 N.E.2d 713. The prison sentences are mandatory. "The Senate Bill 2 general felony sentencing statutes apply to lesser offenses classified as first through fifth degree felonies. See R.C. 2929.14(A)." *Id.*, fn. 3. The general felony sentencing statutes exclude aggravated murder under R.C. 2929.12(A), 2929.13(F), and 2929.14(A) as to the term of imprisonment to be imposed. Courts have determined that, even before Senate Bill 2, "the general felony sentencing requirements did not apply in aggravated murder cases." *Hollingsworth* at 569. Simply put, through the enactment of a separate statutory scheme regarding sentencing for aggravated murder, the legislature clearly intended said offenses to be treated differently

because of their severity.

**{¶ 27}** Ohio's General Assembly certainly may differentiate between criminal offenders on the basis of the perceived seriousness of their crimes. *State v. Skapik*, 2015-Ohio-4404, 42 N.E.3d 790, ¶ 24 (2d Dist.). Additionally, we find nothing irrational or arbitrary in the legislature's decision to view aggravated murder or murder as a more serious offense such that it warrants a separate statutory scheme from classified felonies. A statute withstands rational-basis scrutiny if it is neither irrational nor arbitrary under any set of facts that reasonably might be conceived to justify it. *See, e.g., Phipps v. Dayton,* 57 Ohio App.3d 11, 566 N.E.2d 181 (2d Dist.1988) ("A legislative enactment will pass the rational basis test when there exists any set of facts under which the classification at issue rationally furthers a legitimate legislative objective."). Therefore, in light of the foregoing, we conclude that Burke has not demonstrated a lack of any rational basis for R.C. 2953.08(D)(3). Accordingly, R.C. 2953.08(D)(3) does not violate the Equal Protection Clause.

**{¶ 28}** Pursuant to R.C. 2953.08(D)(3) and case law interpreting this statute, this Court is without statutory authority to review Burke's sentence of life imprisonment without parole for aggravated murder on an evidentiary basis. Additionally, there is no authority upon which we may address Burke's abuse of discretion argument. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10 (appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges).

**{¶ 29}** Burke's sole assignment of error is overruled.

**{¶ 30}** Burke's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Andrew T. French
Brock A. Schoenlein
Hon. Michael W. Krumholtz