[Cite as *State v. Taylor*, 2024-Ohio-5956.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | Hon. Andrew J. King, J. |
| -vs- | Case No. 2024 CA 0040 |
| MICHAEL TAYLOR | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Mansfield Municipal Court, Case No. 2024TRD05142

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 20, 2024

APPEARANCES:

For Plaintiff-Appellee

DAVID HOMER
Mansfield Law Director's Office
30 North Diamond Street
Mansfield, Ohio 4492

For Defendant-Appellant

MICHAEL TAYLOR
5383 Bloominggrove Road
Galion, Ohio 44833

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Michael Taylor appeals the judgment entered by the Mansfield Municipal Court convicting him following a bench trial of operating a motor vehicle while using an electronic wireless communication device (R.C. 4511.204) and fining him $25.00. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On June 17, 2024, around 9:30 a.m., Trooper J. Beck of the Ohio State Patrol was on patrol on U.S. 42 in Richland County. Appellant drove a white van past the Trooper's parked vehicle. As Appellant drove by, the Trooper was able to see inside the vehicle and observed Appellant with his cell phone in his hand, using his thumbs to make entries into the phone while he was operating the vehicle. The Trooper stopped the vehicle and issued Appellant a citation for operating a motor vehicle while using an electronic wireless communication device in violation of R.C. 4511.204.

**{¶3}** The case proceeded to bench trial in the Mansfield Municipal Court, at which Appellant represented himself. Appellant did not deny he was texting while driving, but argued R.C. 4511.204 is unconstitutional in violation of the Equal Protection Clause of the United States Constitution because first responders and utility workers are exempt from its application. The trial court found the constitutionality of the statute was for a higher court to determine. The trial court found Appellant guilty of violating R.C. 2411.204, and fined him $25.00. It is from the July 9, 2024 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

WHEREAS, MANSFIELD MUNICIPAL COURT REFUSED TO RULE ON THE CONSTITUTIONALITY OF ORC 4511.204, I MICHAEL TAYLOR AM HUMBLY ASKING THE FIFTH CIRCUIT COURT OF APPEALS TO REVIEW THIS CASE.

**{¶4}** In his sole assignment of error, Appellant argues R.C. 4511.204 is unconstitutional because it violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because first responders and utility workers are excluded from its operation while in the performance of their duties.

**{¶5}** R.C. 4511.204 provides in pertinent part:

(A) No person shall operate a motor vehicle, trackless trolley, or streetcar on any street, highway, or property open to the public for vehicular traffic while using, holding, or physically supporting with any part of the person's body an electronic wireless communications device.

(B) Division (A) of this section does not apply to any of the following:

(1) A person using an electronic wireless communications device to make contact, for emergency purposes, with a law enforcement agency, hospital or health care provider, fire department, or other similar emergency agency or entity;

(2) A person driving a public safety vehicle while using an electronic wireless communications device in the course of the person's duties;

(3) A person using an electronic wireless communications device when the person's motor vehicle is in a stationary position and is outside a lane of travel, at a traffic control signal that is currently directing traffic to stop, or parked on a road or highway due to an emergency or road closure;

(4) A person using and holding an electronic wireless communications device directly near the person's ear for the purpose of making, receiving, or conducting a telephone call, provided that the person does not manually enter letters, numbers, or symbols into the device;

(5) A person receiving wireless messages on an electronic wireless communications device regarding the operation or navigation of a motor vehicle; safety-related information, including emergency, traffic, or weather alerts; or data used primarily by the motor vehicle, provided that the person does not hold or support the device with any part of the person's body;

(6) A person using the speaker phone function of the electronic wireless communications device, provided that the person does not hold or support the device with any part of the person's body;

(7) A person using an electronic wireless communications device for navigation purposes, provided that the person does not do either of the following during the use:

(a) Manually enter letters, numbers, or symbols into the device;

(b) Hold or support the device with any part of the person's body.

(8) A person using a feature or function of the electronic wireless communications device with a single touch or single swipe, provided that the person does not do either of the following during the use:

(a) Manually enter letters, numbers, or symbols into the device;

(b) Hold or support the device with any part of the person's body.

(9) A person operating a commercial truck while using a mobile data terminal that transmits and receives data;

(10) A person operating a utility service vehicle or a vehicle for or on behalf of a utility, if the person is acting in response to an emergency, power outage, or circumstance that affects the health or safety of individuals;

(11) A person using an electronic wireless communications device in conjunction with a voice-operated or hands-free feature or function of the vehicle or of the device without the use of either hand except to activate, deactivate, or initiate the feature or function with a single touch or swipe, provided the person does not hold or support the device with any part of the person's body;

(12) A person using technology that physically or electronically integrates the device into the motor vehicle, provided that the person does not do either of the following during the use:

(a) Manually enter letters, numbers, or symbols into the device;

(b) Hold or support the device with any part of the person's body.

(13) A person storing an electronic wireless communications device in a holster, harness, or article of clothing on the person's body.

**{¶6}**  This Court has held the "exemptions" set forth in subsection (B) statute are not exemptions which the State must disprove in order to obtain a conviction; rather, they are affirmative defenses.  *State v. Havens,* 2024-Ohio-2204, ¶ 18 (5th Dist.).  As such, the statute does not create a separate class of people – i.e., first responders and utility workers in the course of their duties – who are exempt from application of the statute.  Rather, the offense can be negated by an excuse or justification, including first responders and utility workers under certain circumstances.  *Id.* at ¶18.  Thus, all drivers are treated equally under the definition of the offense; the statute simply provides thirteen affirmative defenses to its violation.  Further, while the statute does set forth affirmative defenses for a person driving a public safety vehicle and using a phone in the course of their duties, and for a utility worker acting in response to an emergency situation, the statute also creates an affirmative defense for *any* driver using the phone to obtain help in an emergency.  We therefore find the statute does not implicate the Equal Protection Clause because it does not distinguish between certain classes of people, but rather provides affirmative defenses for emergency use.

**{¶7}**  However, assuming arguendo R.C. 4511.204(B)(2) and (10) do create a separate class of people who are treated differently under the statute, we find the statute does not violate Equal Protection.

**{¶8}**  The Ohio Supreme Court has set forth our standard of review of an Equal Protection challenge as follows:

The Equal Protection Clause of the Fourteenth Amendment to the

United States Constitution provides, "No State shall * * * deny to any person

within its jurisdiction the equal protection of the laws." Ohio's Equal Protection Clause, Section 2, Article I of the Ohio Constitution, states, "All political power is inherent in the people. Government is instituted for their equal protection and benefit * * *." " 'The Equal Protection Clause[s] [do] not forbid classifications. [They] simply keep governmental decisionmakers from treating differently persons who are in all relevant respects alike.' " *Burnett v. Motorists Mut. Ins. Co.,* 118 Ohio St.3d 493, 2008-Ohio-2751, 890 N.E.2d 307, ¶ 30, quoting *Nordlinger v. Hahn* (1992), 505 U.S. 1, 10, 112 S.Ct. 2326, 120 L.Ed.2d 1.

The federal and Ohio equal-protection provisions are "functionally equivalent," *State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, ¶ 38, citing *Eppley v. Tri–Valley Local School Dist. Bd. of Edn.,* 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 11, and *State v. Thompson,* 95 Ohio St.3d 264, 2002-Ohio-2124, 767 N.E.2d 251, ¶ 11, and "are to be construed and analyzed identically," *Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ*. (1999), 87 Ohio St.3d 55, 60, 717 N.E.2d 286.

Courts apply varying levels of scrutiny to equal-protection challenges depending on the rights at issue and the purportedly discriminatory classifications created by the law. "[A] statute that does not implicate a fundamental right or a suspect classification does not violate equal-protection principles if it is rationally related to a legitimate government interest." *Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, ¶

39, citing *Eppley*, 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 15. The parties do not dispute that this case does not involve a fundamental right or suspect classification and that rational-basis review applies.

"The rational-basis test involves a two-step analysis. We must first identify a valid state interest. Second, we must determine whether the method or means by which the state has chosen to advance that interest is rational." *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 9, citing *Buchman v. Wayne Trace Local School Dist. Bd. of Edn.* (1995), 73 Ohio St.3d 260, 267, 652 N.E.2d 952.

"Under the rational-basis standard, a state has no obligation to produce evidence to sustain the rationality of a statutory classification." *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 91, citing *Am. Assn. of Univ. Professors, Cent. State Univ. Chapter*, 87 Ohio St.3d at 58, 60, 717 N.E.2d 286. "[S]tatutes are presumed to be constitutional and * * * courts have a duty to liberally construe statutes in order to save them from constitutional infirmities." *Eppley*, 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 12, citing *Desenco, Inc. v. Akron* (1999), 84 Ohio St.3d 535, 538, 706 N.E.2d 323. The party challenging the constitutionality of a statute "bears the burden to negate every conceivable basis that might support the legislation." *Columbia Gas Transm. Corp.* at ¶ 91, citing *Lyons v. Limbach* (1988), 40 Ohio St.3d 92, 94, 532 N.E.2d 106.

**{¶9}**  *Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray,* 2010-Ohio-4908, ¶¶ 16-20.

**{¶10}** We find the instant case does not involve a fundamental right or suspect classification.  "Drivers who are not first responders or utility workers" is not a suspect class.  Further, driving is a privilege and not a constitutional right. *State v. Ossege*, 2014-Ohio-3186, ¶63 (12th Dist.), *citing State v. Tanner*, 15 Ohio St.3d 1, 3 (1984).  By extension, using a cell phone while driving is not a fundamental right.  Therefore, we need only find the statute has a rational basis.

**{¶11}** Under the rational basis test, we first must identify a valid state interest.  In the instant case, we find the State has an interest in preventing accidents caused by drivers who are distracted by use of their cell phones.  Second, we must determine whether the means by which the State has chosen to advance its interest is rational.  We find the affirmative defenses set forth for drivers of public safety vehicles in the course of their duties and for utility service workers responding to an emergency which threatens the health or safety of individuals are a rational way to advance the interest by recognizing in emergency situations, the needs of first responders and utility workers to respond to an imminent threat exceed the general interest of the State in preventing distracted driving.  In addition, R.C. 4511.204(B)(1) recognizes the need of civilian drivers in emergency situations to use the cell phone may take precedence over the State's general interest of preventing accidents caused by distracted driving.  We find Appellant has not overcome the presumption the statute is constitutional, and the statute does not violate the Equal Protection Clause.

{¶12} The assignment of error is overruled.  The judgment of the Mansfield Municipal Court is affirmed.

By: Hoffman, P.J.

Baldwin, J.  and

King, J. concur