[Cite as *CapitalSource Bank FBO Aeon Fin., L.L.C. v. Donshirs Dev., Corp.*, 2013-Ohio-1563.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99032**

---

## CAPITALSOURCE BANK FBO AEON FIN., L.L.C.

PLAINTIFF-APPELLANT

vs.

## DONSHIRS DEVELOPMENT CORP., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-767170

**BEFORE:** McCormack, J., S. Gallagher, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** April 18, 2013

**ATTORNEYS FOR APPELLANT**

Kirk W. Liederbach
Matthew A. Marsalka
Maureen C. Zink
Law Offices of Schwartz and Associates
27 N. Wacker Drive, #503
Chicago, IL 60606


**FOR APPELLEE**

Donshirs Development Corp.
20525 Center Ridge Rd. #626
Rocky River, OH 44116


**ALSO LISTED**

**Cuyahoga County Treasurer**

Timothy J. McGinty
Cuyahoga County Prosecutor
Michael A. Kenny, Jr.
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant, CapitalSource Bank FBO Aeon Financial, L.L.C. ("Aeon"), appeals the trial court's decision dismissing Aeon's complaint based upon Aeon's failure to timely perform the condition precedent to the statutory cause of action of a tax certificate foreclosure. The trial court determined that Aeon failed to comply with R.C. 5721.37(C)(2), as amended, in failing to file its complaint within 120 days after receipt of the county treasurer's certification on the notice of intent to foreclose ("NOI"). For the reasons that follow, we reverse the decision of the trial court.

## Facts and Procedural History

**{¶2}** On May 23, 2008, Aeon's predecessor, Aeon Financial L.L.C., purchased at public auction tax certificate no. B2008-1-2013, which represented the tax delinquency for 2005-2006 on parcel no. 671-11-141, or 14722 Strathmore Avenue, East Cleveland, Ohio. On October 8, 2009, Aeon Financial transferred the certificate to Aeon, who then recorded that it was the certificate holder pursuant to R.C. 5721.30(C), by filing with the Cuyahoga County recorder.

**{¶3}** On October 19, 2009, Aeon, as certificate holder, filed with the Cuyahoga County treasurer its NOI, pursuant to R.C. 5721.37(A)(1). In response to this filing, and

pursuant to R.C. 5721.37(C)(2), the treasurer certified on that same day that the certificate parcel had not been redeemed.

{¶4} Following receipt of the certification, Aeon filed a foreclosure action against Donshirs Development Corporation and James Rokakis, Cuyahoga County treasurer, as Cuyahoga C.P. No. CV-709716, on November 13, 2009. This action was involuntarily dismissed by the court on October 19, 2010, "without prejudice," for failure to perfect service and for failure to prosecute its claims.

{¶5} One year later, on October 19, 2011, Aeon refiled its foreclosure action in the common pleas court, as Case No. CV-767170, availing itself of Ohio's savings statute, R.C. 2305.19. Aeon states that the claims and the parties in each action are identical. The county treasurer filed its answer on November 3, 2011. Thereafter, the matter was referred to the court magistrate.

{¶6} On March 20, 2012, Aeon filed a motion for default judgment against the non-answering defendant, Donshirs Development Corporation. A default hearing was held on June 5, 2012, whereby the magistrate granted Aeon leave to submit proper authorization with respect to a signatory's authority to assign the tax certificate. The magistrate further ordered as follows:

> The court takes under advisement the issue of whether the cause of action accrues pursuant to R.C. 5721.37(C)(1) if the complaint is filed more than 120 days after receipt of the county treasurer's certification on the notice of intent to foreclose that the certificate has not been redeemed. Failure to comply with this order may result in dismissal without prejudice.

**{¶7}** In compliance with the magistrate's order, Aeon filed a timely notice of filing affidavit of authority. Thereafter, Aeon filed a motion to disqualify the magistrate on July 12, 2012, which was denied by the trial court judge. Prior to the court's ruling on Aeon's motion to disqualify, the magistrate issued its decision dismissing Aeon's complaint. In its order, the magistrate concluded that Aeon failed to file its complaint within 120 days after the county treasurer provided certification that the certificate parcel had not been redeemed, thus concluding that the tax certificate foreclosure was not timely brought.

**{¶8}** Aeon filed its objections to the magistrate's decision on July 30, 2012. Aeon claims that the basis for dismissal by the magistrate has previously been decided by the court to be in error. In support of its claim, Aeon cites to another action filed by Aeon in the common pleas court in which the trial court rejected the magistrate's dismissal of Aeon's claim and found that Aeon had met all of the procedural requirements for refiling its previous action and, thus, it revived its claim in accordance with the savings statute.[1] *See CapitalSource Bank FBO Aeon Fin., L.L.C. v. Young*, Cuyahoga

---

[1] The magistrate in the *Young* case was the same magistrate in the instant action; however, the trial court's opinion vacating the magistrate's decision in *Young* was issued by a different judge.

Aeon also refers to a second matter filed in the common pleas court, *CapitalSource Bank FBO Aeon Fin., LLC v. Oldwine*, Cuyahoga C.P. No. CV-736525 (Sept. 5, 2012), in which, again, another trial judge presided. In that matter, the trial court overruled the magistrate's decision dismissing Aeon's complaint for the same reasons outlined in the *Young* case. This opinion was rendered after Aeon filed its objections in this matter, but prior to Aeon's appeal to this court.

Following the filing of Aeon's objections, Aeon filed a notice of supplemental authority in support of its objections, which provided the court with the trial court's *Oldwine* decision, in addition

C.P. No. CV-736549 (Feb. 24, 2012). On September 11, 2012, the trial court in this matter overruled Aeon's objections and adopted the magistrate's decision, thus dismissing Aeon's complaint.

## Assignments of Error

I.    The trial court erred in failing to apply Ohio's savings statute, R.C. 2305.19.

II.    The trial court erred in retroactively applying the amendment to R.C. 5721.37(C)(2).

III.    The trial court erred in sua sponte raising and deciding defenses to Plaintiff's complaint that were not pled or raised by any party.

IV.    The trial court erred in finding a jurisdictional bar to Plaintiff's claims.

## Law and Analysis

**{¶9}** In its first assignment of error, Aeon claims that the trial court erred in failing to apply Ohio's savings statute. The savings statute provides as follows:

> In any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. * * *

R.C. 2305.19(A).

to two other cases adopting the rationale of the *Young* court.

{¶10} Aeon asserts that the trial court failed to apply the savings statute in dismissing its refiled action. For the following reasons, we agree with Aeon and find that the savings statute applies.

{¶11} Aeon purchased the tax certificate at issue on May 23, 2008. Tax certificates are sold with a stated period of time on the face of the certificate in which a certificate holder may pursue foreclosure. Aeon's tax certificate states that "[t]his certificate will be cancelled three years after the date of sale * * *." Therefore, the certification period of Aeon's tax certificate is three years from May 23, 2008, its purchase date.

{¶12} R.C. 5721.37 governs tax certificate foreclosures and provides instructions regarding initiating such an action. Relevant to this case are two versions of this statute. At the time Aeon purchased its tax certificate on May 23, 2008, R.C. 5721.37(C)(2) provided:

> With respect to a certificate purchased under section 5721.32, 5721.33, or 5721.42 of the Revised Code, if the certificate parcel has not been redeemed and a notice of intent to foreclose has been filed, the county treasurer shall provide certification to the private attorney that the parcel has not been redeemed. * * * After receipt of that certification, the private attorney may commence a foreclosure proceeding in the name of the certificate holder * * *.

{¶13} In accordance with R.C. 5721.37(A)(1), Aeon filed with the county treasurer its NOI on October 19, 2009. This statutory provision provides that the certificate holder may file with the county treasurer a request for foreclosure or a notice of intent to foreclose "at any time after one year from the date shown on the tax certificate as the date the tax certificate was sold, and not later than three years after that date." R.C.

5721.37(A)(1). In this case, that time frame would be May 23, 2009 to May 23, 2011. The NOI, therefore, was timely filed. Additionally, in accordance with the requirements outlined in R.C. 5721.37(C)(2), the county treasurer certified that the certificate parcel had not been redeemed.

{¶14} Following receipt of the certification, and pursuant to the time limits imposed by statute, Aeon then filed a foreclosure action on November 13, 2009. In further compliance with the statute, Aeon attached a copy of the treasurer-certified NOI to the complaint for foreclosure. *See* R.C. 5721.37(C)(2). Had Aeon not filed its complaint within the certification period outlined above, its lien against the parcel would have been canceled. R.C. 5721.37(E)(1). Aeon's complaint was involuntarily dismissed on October 19, 2010, without prejudice. Aeon refiled its original action in foreclosure one year later, on October 19, 2011, availing itself of the savings statute.

{¶15} Aeon met all of the statutory requirements outlined in the statute referenced above, prior to filing its original action. The trial court, however, in dismissing Aeon's refiled complaint, applied R.C. 5721.37(C)(2), as amended. The amended statute, effective September 23, 2008, imposed a narrower time limit for filing a foreclosure:

> * * *After receipt of the treasurer's certification and *not later than one hundred twenty days after the filing of the intent to foreclose* * * * the private attorney shall commence a foreclosure proceeding in the name of the certificate holder * * *. (Emphasis added.)

R.C. 5721.37(C)(2), amended in 2008 Am.Sub. H.B. No. 562, section eff. Sept. 23, 2008.

{¶16} The trial court determined that the statute in effect at the time Aeon initiated its foreclosure action — by filing the NOI in October 2009 — controls. In applying the amended statute, the trial court determined that Aeon failed to file its complaint in foreclosure within 120 days of receiving the treasurer's certification of the NOI. In doing so, the trial court concluded that Aeon's cause of action arising from its statutory claim had not accrued, and the tax certificate foreclosure was not timely filed. The trial court's conclusion was predicated upon its determination that the savings statute does not apply. We disagree, however, with the trial court's premise.

{¶17} The savings statute operates to "save" certain timely filed actions. The statute contemplates the right of a party "to commence a new action within one year of a failure otherwise than on the merits." *Graf v. Cirino*, 8th Dist. No. 96011, 2011-Ohio-3473, citing *Cero Realty Corp. v. Am. Mfrs. Ins. Co.*, 171 Ohio St. 82, 167 N.E.2d 774 (1960). A dismissal is "otherwise than on the merits" when the court dismisses a case for failure to obtain service or for failure to prosecute. *Thomas v. Freeman*, 79 Ohio St.3d 221, 228, 1997-Ohio-395, 680 N.E.2d 997.

{¶18} The trial court in this case concluded that Aeon's refiled action was not saved by the statute. It concluded that the savings statute does not apply because the original statute of limitations had not expired, finding that "for the savings statute to apply, there must be a re-filing of a case that failed other than on the merits *after* the applicable statute of limitations has expired." Thus, the trial court held that because "the

current case does not meet these requirements * * *the savings statute has no applicability." (Emphasis sic.) We find that this conclusion is in error.

{¶19} We agree, rather, with the decision of the trial court in *Oldwine*, Cuyahoga C.P. No. CV-736525; *see also Young*, Cuyahoga C.P. No. CV-736549. In *Oldwine*, a factually similar matter also involving Aeon, the trial court found that the savings statute applied to preserve Aeon's properly commenced tax certificate foreclosure. The court in that case determined as follows: (1) Aeon's foreclosure action was properly commenced; (2) foreclosure actions are subject to the general savings statute; and (3) it would be improper to require Aeon to again satisfy the same procedural requirements upon refiling the original action.

{¶20} In 2004, the general savings statute was amended to its present language, which closes the "malpractice trap" and permits a party to refile an original action within one year after dismissal, "or the time left under the statute of limitations, whichever is longer."[2] R.C. 2305.19(A); *Eppley v. Tri-Valley Local School Dist.*, 5th Dist. No. CT2007-0022, 2008-Ohio-32, ¶ 17, *rev'd on other grounds, sub nom. Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401. As a result of the amended language, the general savings statute "no longer

---

[2] Before the amendment in 2004, R.C. 2305.19 granted a plaintiff an additional year in which to refile an action that was dismissed without prejudice *only if the dismissal occurred after the original statute of limitations had run.* R.C. 2305.19, in essence, became known as the "malpractice trap," because the effect of the statute was that a plaintiff whose case was dismissed without prejudice prior to the running of the original statute of limitations had to refile the action before the relevant statute of limitations had run, regardless of how much time was left. *Eppley* at ¶ 16.

distinguishes between cases dismissed before the statute of limitations has run and those dismissed after." *Id.*

**{¶21}** In this case, the record reflects that Aeon filed its original cause of action within the statutory framework, meeting all procedural requirements. Its original action, therefore, was properly commenced in accordance with R.C. 5721.37.

**{¶22}** The action was dismissed, "without prejudice," on October 19, 2010. Availing itself of the savings statute, Aeon refiled its original action on October 19, 2011. Aeon's refiled cause of action satisfies the statutory requirements of R.C. 2305.19(A): its original action was dismissed for reasons "otherwise than on the merits" and the refiled action was filed within one year after the court's dismissal "without prejudice." We find, therefore, that Aeon properly availed itself of the savings statute.

**{¶23}** Under the savings statute, where Aeon's original action has been properly commenced and all jurisdictional requirements have been satisfied, Aeon's refiled action retains that status upon refiling. It would be improper to require Aeon to satisfy the same prerequisites a second time, upon refiling the same action. Thus, the trial court erred in not applying the savings statute. Moreover, the court erred in applying R.C. 5721.37(C)(2), as amended, when it determined that Aeon failed to file its complaint in foreclosure within 120 days of receiving the treasurer's certification of the NOI.

**{¶24}** Accordingly, we find that Aeon properly "saved" its original complaint in foreclosure. Aeon's first assignment of error is, therefore, sustained. Having found that

the savings statute does apply and Aeon's refiled action was timely and has met all procedural requirements, this court need not address Aeon's remaining arguments.

**{¶25}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

SEAN C. GALLAGHER, P.J., and
KENNETH A. ROCCO, J., CONCUR