[Cite as *Linthicum v. Physicians Anesthesia Serv., Inc.*, 2019-Ohio-3940.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | |
|---|---|
| MICHAEL LINTHICUM, Individually and as Administrator of the Estate and Next of Kin of Joshua Linthicum, Deceased, | APPEAL NO. C-180382<br>TRIAL NO. A-1705065 |
| and | *O P I N I O N.* |
| DEBORAH LINTHICUM, | |
| Plaintiffs-Appellants, | |
| vs. | |
| PHYSICIANS ANESTHESIA SERVICE, INC., | |
| and | |
| THOMAS R. ELSASS, M.D., | |
| Defendants-Appellees. | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 27, 2019

*Sam G. Caras* and *David M. Deutsch* for Plaintiffs-Appellants,

*Lindhorst & Dreidame Co., L.P.A., Michael F. Lyon, James L. O'Connell* and *Paul J. Vollman* for Defendants-Appellees.

**CROUSE, Judge.**

{¶1} Plaintiffs-appellants Michael Linthicum, individually and as the administrator of the estate of Joshua Linthicum, and Deborah Linthicum (collectively, the "Linthicums") appeal the trial court's grant of Physicians Anesthesia Service, Inc., ("Physicians Anesthesia") and Thomas R. Elsass, M.D.'s ("Elsass") motion for judgment on the pleadings. For the reasons that follow, we affirm the judgment of the trial court.

## I. Facts and Procedure

{¶1} On January 4, 2010, Joshua Linthicum ("Josh") underwent hip resurfacing surgery. Elsass, an employee of Physicians Anesthesia, administered general anesthesia during the procedure. During surgery, Josh suffered cardiopulmonary arrest. The Linthicums contend that Josh's cardiopulmonary arrest resulted from the substandard care of Elsass, who "unnecessarily and aggressively" administered anesthesia in an attempt to depress Josh's hypertensive blood pressure. Following unsuccessful attempts of resuscitation, Josh was transferred to Bethesda North Hospital, where he was pronounced dead.

{¶2} On January 3, 2012, the Linthicums filed a wrongful-death action against Physicians Anesthesia and Elsass. On February 17, 2015, the parties entered a stipulated dismissal without prejudice pursuant to Civ.R. 41(A)(1)(b). The Linthicums refiled the case on April 1, 2015, and subsequently entered a voluntary dismissal pursuant to Civ.R. 41(A)(1)(a) on September 30, 2016. On September 28, 2017, the Linthicums again refiled the case.

{¶3} On December 29, 2017, Physicians Anesthesia and Elsass filed a motion for judgment on the pleadings, asserting that the Linthicums' claims were

barred by the applicable statute of repose. On June 11, 2018, the trial court granted the motion. This timely appeal followed.

{¶4} In two assignments of error, the Linthicums argue that the trial court erred by improperly invoking the double-dismissal rule and by failing to apply the Ohio savings statute to render this case properly commenced within the four-year limitations period set by the statute of repose.

## II. Law and Analysis

{¶5} We review de novo the trial court's grant of a motion for judgment on the pleadings. *Citicasters Co. v. Bricker & Eckler, L.L.P.*, 149 Ohio App.3d 705, 2002-Ohio-5814, 778 N.E.2d 663, ¶ 5 (1st Dist.).

{¶6} The Linthicums first argue that the nature of the dismissals is important due to the trial court's invocation of the double-dismissal rule. However, this argument is misplaced. A review of the trial court's "Entry Granting Defendants' Motion for Judgment on the Pleadings" demonstrates that the court did not apply the double-dismissal rule to bar the action. Instead, the court based its decision solely on the Linthicums' improper invocation of the savings statute under R.C. 2305.19. Specifically, the trial court held that "[the Linthicums'] present action is barred because [the Linthicums] necessarily utilized the savings statute once in order to re-file Linthicum II and then again improperly invoked the savings statute to re-file Linthicum III, long after the expiration of both the statute of limitations and statute of repose." As the trial court properly noted, the dispositive issue in this matter is whether the savings statute may be utilized more than once.

{¶7} Pursuant to R.C. 2305.113(C), an action upon a medical claim must be commenced within four years after the occurrence of the act constituting the basis of the claim. If an action is not commenced within the four-year limit, then any action upon

3

that claim is barred. R.C. 2305.113(C)(2). However, in *Wilson v. Durrani*, 1st Dist. Hamilton No. C-180194, ____-Ohio-____ (Sept. 25, 2019), this court held that the Ohio savings statute allows medical actions to survive beyond the expiration of the four-year statute of repose.

{¶8}    Ohio's savings statute provides: "In any action that is commenced * * * if the plaintiff fails otherwise than upon the merits, the plaintiff  * * * may commence a new action within one year after * * * the plaintiff's failure otherwise than upon the merits * * *." R.C. 2305.19(A). "Where R.C. 2305.19 applies, the date for filing the new action relates back to the filing date for the preceding action for limitations purposes." *Frysinger v. Leech*, 32 Ohio St.3d 38, 42, 512 N.E.2d 337 (1987).

{¶9}    In *Thomas v. Freeman*, 79 Ohio St.3d 221, 227, 680 N.E.2d 997 (1997), the Ohio Supreme Court stated that "the savings statute can be used only once to refile a case." To allow a plaintiff to use the savings statute more than once would subject the defendants to continued exposure and increase "the risk of abuse of continuous refilings by a less than diligent plaintiff." *Id.* Other appellate districts have agreed with this proposition, holding that the savings statute may be employed only once to preserve the timeliness of an action. *See, e.g., Duncan v. Stephens*, 8th Dist. Cuyahoga No. 83238, 2004-Ohio-2402, ¶ 21; *Wick v. Lorain Manor, Inc.*, 9th Dist. Lorain No. 12CA010324, 2014-Ohio-4329, ¶ 8; *Hancock v. Kroger Co.*, 103 Ohio App.3d 266, 269, 659 N.E.2d 336 (10th Dist.1995); *Estate of Carlson v. Tippett,* 122 Ohio App.3d 489, 702 N.E.2d 143 (11th Dist.1997); *Johnson v. Jefferson Industries Corp.*, 2015-Ohio-5035, 60 N.E.3d 424, ¶ 16 (12th Dist.).

{¶10} Here, the act constituting the basis of the Linthicums' claims occurred on January 4, 2010, when Josh underwent hip resurfacing surgery. The Linthicums filed their initial complaint on January 3, 2012, two years after the surgery. The four-year

4

statute of repose then expired on January 4, 2014. On February 17, 2015, the parties entered a stipulated dismissal without prejudice, and the Linthicums filed their second complaint on April 1, 2015, well within the one-year savings period under R.C. 2305.19. In September 2016, the Linthicums voluntarily dismissed that second complaint without prejudice, and subsequently filed a third complaint on September 28, 2017. Although the savings statute was available to the Linthicums when they filed their second complaint, the savings statute was not available again when they filed their third complaint. Therefore, the trial court properly granted Physicians Anesthesia and Elsass's motion for judgment on the pleadings, and the Linthicums' assignments of error are overruled.

### III. Conclusion

{¶11} For the foregoing reasons, we overrule the Linthicums' assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.