[Cite as *Rector v. Dorsey*, 2021-Ohio-2675.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DAN RECTOR,                                      :

    Plaintiff-Appellant,              :

                              No. 109835

    v.                                               :

AMELIA DORSEY,                               :

    Defendant-Appellee.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 5, 2021

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-19-919233

---

### *Appearances:*

Vick Law, L.L.C., and Gary A. Vick, Jr., *for appellant.*

Michael R. Shanabruch, *for appellee.*

SEAN C. GALLAGHER, J.:

{¶ 1} Dan Rector appeals the summary judgment granted in favor of Amelia Dorsey, which was based on Rector's attempt to invoke R.C. 2305.10 a second time resulting in the dismissal of his third complaint arising from a motor

vehicle accident that occurred on February 8, 2016. The accident was allegedly caused by Dorsey. For the following reasons, we affirm.

{¶ 2} This appeal is based on a procedural issue. Rector filed his first complaint in August 2017. On February 7, 2018, the day before the statute of limitations for the tort claim expired under R.C. 2305.10(A), Rector voluntarily dismissed his action without prejudice under Civ.R. 41(A)(1)(a). On that same day, Rector refiled a second complaint advancing identical allegations. After Rector failed to appear for a court-ordered discovery deposition, Dorsey filed a motion to dismiss under Civ.R. 26 and 37. The court dismissed the action without prejudice on April 9, 2019. Nearly four months later, Rector filed the third action again, advancing the same claims.

{¶ 3} The trial court, upon motion, granted summary judgment under Civ.R. 56 in favor of Dorsey. According to the trial court, R.C. 2305.19, commonly known as Ohio's Saving Statute, provides that in all actions, when a case fails otherwise than on the merits, the plaintiff has the right to refile the action "either within the original period of limitations or within one year after the plaintiff's failure." As a result, the trial court determined that under R.C. 2305.19, after dismissing the first action on February 7, 2018, Rector had until the later of the original period of the limitations, February 8, 2018, or until February 7, 2019, to refile the action under the savings statute. In other words, the refiling of the dismissed action invoked the savings statute and extended the original limitations period until February 7, 2019 — being the later of the two dates. According to the

trial court, Rector's decision to refile the action immediately did not circumvent the plain and unambiguous language of the statute. The trial court expressly distinguished the current version of the savings statute, amended in 2004, from the previous "malpractice trap" in which the statute only applied to the dismissal of an action after the expiration of the statute of limitations. *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 8.

{¶ 4} Summary judgment rulings are reviewed de novo, and appellate courts apply the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Appellate courts provide no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion and that conclusion is adverse to the nonmoving party.

{¶ 5} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that establish his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. If the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

{¶ 6} In this appeal, Rector claims that his second filing of the complaint did not invoke R.C. 2305.19 because he filed the action within the original statute of limitations. According to Rector, this entitled him to file the third action since the third filing was the first invocation of the savings statute in the procedural history of the case. In support, Rector cites *Johnson v. Jefferson Indus. Corp.*, 2015-Ohio-5035, 60 N.E.3d 424, ¶ 16 (12th Dist.). The *Johnson* panel opined that if the plaintiff had refiled the second and third actions stemming from the same acts or occurrences within the original statute of limitations, the plaintiff would have been permitted to file those actions without invoking the savings statute. That obiter dictum, however, is not in harmony with the majority of jurisdictions that have reached the opposite conclusion. We cannot rely on the *Johnson* dicta. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649 ¶ 27 (courts erred as a matter of law in relying on dicta). And regardless, the *Johnson* panel concluded that the latest action filed was time-barred irrespective of the panel's timing discussion.

{¶ 7} "'Savings statutes operate to give a plaintiff limited periods in which to refile a dismissed claim that would otherwise be time-barred.'" *Wick v. Lorain Manor Inc.*, 9th Dist. Lorain No. 12CA010324, 2014-Ohio-4329, ¶ 8, quoting *Internatl. Periodical Distrib. v. Bizmart, Inc.*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, ¶ 7. R.C. 2305.19(A) provides in pertinent part:

> [i]n any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

Under a plain reading of the unambiguous language in the statute, following the dismissal of "any action" that fails otherwise than on the merits, the plaintiff has the right to refile the new action within one of two dates: "either the time left in the limitations period, or one year from the date of the prior dismissal." *Royster v. Imbrogno*, S.D.Ohio No. 2:16-cv-1174, 2017 U.S. Dist. LEXIS 57507, 9 (Apr. 14, 2017), citing *CapitalSource Bank FBO Aeon Fin., L.L.C. v. Donshirs Dev. Corp.*, 8th Dist. Cuyahoga No. 99032, 2013-Ohio-1563. Under R.C. 2305.19(A), although the limitations period is extended to the later of the two dates, filing an action before the expiration of the original limitations period is of no practical value.

{¶ 8} In *CapitalSource Bank*, it was concluded that in 2004 the savings statute under R.C. 2305.19 was amended to close the "malpractice trap" and permit a party to refile an original action within one year after dismissal "'or the time left under the statute of limitations, whichever is longer.'" *Id.*, quoting R.C. 2305.19(A); *Eppley v. Tri-Valley Local School Dist.*, 5th Dist. Muskingham No. CT2007-0022, 2008 Ohio 32, ¶ 17, *rev'd on other grounds, Eppley,* 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401. Before the amendment, R.C. 2305.19 expressly applied to actions dismissed after the expiration of the applicable statute of limitations. *Id.* Under the older version of the rule, plaintiffs who dismissed their action before the expiration of the statute of limitations could not avail themselves of R.C. 2305.19. The legislature corrected this discrepancy by omitting language limiting the application of the savings statute. From this omission, the *CapitalSource Bank*

Court held that the amended language of R.C. 2305.19 no longer distinguished cases dismissed before the expiration of the statute of limitations from those dismissed after. *Id.* In any action that has been dismissed, any refiling of the claims necessary occurs under R.C. 2305.19.

{¶ 9} "The savings statute can be used only once to refile a case." *Thomas v. Freeman*, 79 Ohio St.3d 221, 227, 680 N.E.2d 997 (1997). The amendment to R.C. 2305.19 that occurred in 2004 did not alter that conclusion. *See Linthicum v. Physicians Anesthesia Serv.*, 1st Dist. Hamilton No. C-180382, 2019-Ohio-3940, ¶ 8-9, citing *Duncan v. Stephens*, 8th Dist. Cuyahoga No. 83238, 2004-Ohio-2402, ¶ 21; *Wick* at ¶ 8; *Hancock v. Kroger Co.*, 103 Ohio App.3d 266, 269, 659 N.E.2d 336 (10th Dist.1995); *Estate of Carlson v. Tippett*, 122 Ohio App.3d 489, 702 N.E.2d 143 (11th Dist.1997); *Jefferson Indus. Corp.,* 2015-Ohio-5035, 60 N.E.3d 424, at ¶ 16 (12th Dist.). Further, even if the plaintiff refiles the action before the expiration of the statute of limitations, the refiled complaint is considered to be filed through the invocation of R.C. 2305.19. *Brown v. Solon Pointe at Emerald Ridge*, 8th Dist. Cuyahoga No. 99363, 2013-Ohio-4903, ¶ 24 (the refiled complaint was filed within the statute of limitations but was considered to be filed under R.C. 2305.19 such that the third filing of the complaint was time-barred); *Owens College Nursing Students v. Owens State Community College*, 6th Dist. Wood No. WD-14-012, 2014-Ohio-5210, ¶ 29-30; *but see Lindsey v. Schuler*, 7th Dist. Mahoning No. 11-MA-205, 2012-Ohio-3675, ¶ 14-15 (the court based its conclusion, that the savings statute had no

application since the statute of limitations had not expired when the action was dismissed, on case law superseded by the 2004 amendment to R.C. 2305.19).

{¶ 10} In this case, Rector dismissed his original action on February 7, 2018. Under R.C. 2305.19, Rector had the later of two dates to refile that action for the action to be considered timely. Rector had a right to refile the action the later of February 8, 2018, or February 7, 2019, but any action filed after February 7, 2019, would be considered time-barred. R.C. 2305.19. Rector's decision to immediately refile the action on February 7, 2017, within the original statute of limitations period did not circumvent the unambiguous language of the savings statute. *CapitalSource Bank* at ¶ 20. As a result, and having once availed himself of R.C. 2305.19 through the filing of the second action on February 7, 2018, Rector could not twice invoke R.C. 2305.19 for the third complaint that was filed in August 2019, eight months after the expiration of the extended period set forth in R.C. 2305.19(A). *Freeman* at 227. As this issue is one of law, the trial court did not err in granting summary judgment in favor of Dorsey. The third complaint filed after the expiration of the statute of limitations was time-barred.

{¶ 11} Considering the above, we need not render any conclusions on Rector's claims that the trial court erred in applying the double-dismissal rule, which prohibits a plaintiff from filing successive actions after twice invoking Civ.R. 41(A)(1) to unilaterally dismiss an action. *Fradette v. Gold*, 157 Ohio St.3d 13, 2019-Ohio-1959, 131 N.E.3d 12, ¶ 3. Although the trial court never expressly invoked the doctrine, our above conclusion would render any discussion on the double-dismissal

rule to be advisory in nature. Appellate courts generally avoid issuing advisory opinions as a matter of policy. *Allen v. Totes/Isotoner Corp.*, 123 Ohio St.3d 216, 2009-Ohio-4231, 915 N.E.2d 622, ¶ 9.

**{¶ 12}** Based on the foregoing discussion, we affirm the decision of the trial court granting summary judgment in favor of Dorsey.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
EMANUELLA D. GROVES, J., CONCUR