[Cite as *Quellos v. Johnson*, 2024-Ohio-2586.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SEAN QUELLOS, ET AL.,                    :

    Plaintiffs-Appellants,          :

                                           No. 113428

    v.                                     :

RONALD JOHNSON, ET AL.,                  :

    Defendants-Appellees.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 3, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-980283

---

### *Appearances:*

Richard J. Koloda, *for appellants.*

Ritzler, Coughlin, & Paglia, Ltd., Michael A. Paglia, and Jonathon Angarola, *for appellees.*

---

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiffs-appellants, Sean ("Sean") and Jennifer Quellos ("Jennifer") (collectively "plaintiffs"), appeal an order denying their motion for summary judgment, granting summary judgment in favor of defendants-appellees, Ronald

Johnson ("Ronald") and Ashley Fitzpatrick ("Ashley") (collectively "defendants"), and dismissing the plaintiffs' complaint. Plaintiffs claim the following errors:

> 1. The trial court's grant of Ohio Civ.R. 56 summary judgment motion to the appellees is (a) contrary to the recent refinement of the savings statute (Ohio Rev. C. 2305.19) as defined by *McCullough v. Bennett* (2022-Ohio-1880) that is currently before the Ohio Supreme Court (case 2022-0879)., i.e., are the two refilings after an involuntary dismissal—but all within the statute of limitations—permitted, or does the savings statute restrict it to one.

> 2. The trial court failed to note that the second refiling (again within the statute of limitations) was substantially different to the previous filings, and because of the added plaintiff as well as the added tort the next day should be considered a new filing (within the statute of limitations), as opposed to a refiling. The new refiling therefore did not meet the substantial similarity test to a previous filing, and thus permitted a subsequent refiling that did not run afoul of the misinterpretation of the "savings statute" *Ohio Rev. C.* 2305.19. This was because the Appellee-Defendant's deliberate act of an obstruction of official business (*Ohio Rev. C.* 2921.31) the next day placed the Appellant (as well as the community in general) in further jeopardy through the Appellee's depraved indifference towards a clear and present danger. But utilizing the Defendant's flawed logic, the *ex post facto* rabies vaccination was unrelated to Quellos's injury and it was necessary that the Defendant save his unvaccinated dog from the "draconian" Ohio code of being tested, and that this court should ratify his actions — of course, it is irrelevant that the citizens of South Euclid were exposed for twenty-four hours to a dog that should have been seized and tested for rabies. As the obstruction of official business occurred the next day that diffuses the substantial similarity of claims.

(Emphasis in original.)

{¶ 2} We find that the one-use restriction applicable to Ohio's savings statute prohibits a second refiling of a complaint even when the statute of limitations has not yet expired. We also find that because the allegations in plaintiffs' third complaint are substantially the same as those alleged in the prior two complaints,

the third complaint is barred by the one-use restriction. We, therefore, affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In October 2023, Jennifer filed a complaint in the Cuyahoga County Court of Common Pleas, alleging she was injured on June 20, 2021, when she was mauled by a dog owned by the defendants. Jennifer originally filed a complaint against the defendants in the South Euclid Municipal Court and asserted claims for strict liability, negligence, and negligent infliction of emotional distress. In January 2023, the court involuntarily dismissed the case without prejudice for lack of prosecution, pursuant to Civ.R. 41(B).

{¶ 4} Two months later, on March 3, 2023, Jennifer refiled the complaint against defendants in the South Euclid Municipal Court, alleging the same claims. While the case was pending, plaintiffs filed a third complaint in the Cuyahoga County Court of Common Pleas. This complaint added Jennifer's husband, Sean, as a new party-plaintiff and alleged the same claims as those alleged in the South Euclid actions. However, the complaint added a loss-of-consortium claim for Sean, a claim for negligent entrustment, and multiple negligence per se claims based on multiple alleged violations of dog-control laws, including, among other things, failure to register the dog and failure to keep the dog current with his rabies vaccine. After filing the complaint in the common pleas court, Jennifer voluntarily dismissed the complaint that was still pending in the South Euclid Municipal Court.

{¶ 5} Defendants filed a motion for summary judgment, arguing that the plaintiffs' claims were barred under R.C. 2305.19, Ohio's savings statute, because the complaint had previously been filed and dismissed twice before, and the savings statute could only be used once to refile a case. Plaintiff opposed the motion, arguing that because the third complaint alleged new claims not previously alleged in the earlier complaints and because the statute of limitations had not yet expired, they were not barred from filing the third complaint in the common pleas court. Plaintiffs also filed a motion for summary judgment on their claims.

{¶ 6} The trial court denied plaintiffs' motion for summary judgment and granted summary judgment in favor of defendants on grounds that Ohio's savings statute, R.C. 2305.19, "can only be used once to refile a case." Plaintiffs now appeal the trial court's judgment.

## II. Law and Analysis

### A. Summary Judgment

{¶ 7} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Once the moving party demonstrates entitlement to summary judgment, the burden shifts to the nonmoving party to produce evidence related to any issue on which the party bears the burden of production at trial. Civ.R. 56(E). Summary judgment is appropriate

when, after construing the evidence in a light most favorable to the party against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370 (1998).

## B. One-Use Restriction

{¶ 8} In the first assignment of error, plaintiffs argue the trial court erred in concluding that their complaint was barred by the one-use restriction applicable to Ohio's savings statute. They contend that because the applicable statutes of limitations had not expired, the one-use restriction in the savings statute did not apply to their refiled complaint.

{¶ 9} R.C. 2305.19, Ohio's savings statute, states, in relevant part:

> (A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

R.C. 2305.19(A) allows a timely filed claim that has failed "otherwise than upon the merits" to be refiled in a new action if the new action is filed within one year after such failure or within the period of the original applicable statute of limitations, whichever is later.

{¶ 10} Citing the Second District's decision in *McCullough v. Bennett*, 2022-Ohio-1880 (2d Dist.), plaintiffs argue the third filing of their complaint was not

barred by the "one-use restriction" applicable to the savings statute because the statute of limitations had not expired when the complaints were filed. In *McCullough*, the Second District explained that prior to the 2004 amendment to the savings statute, R.C. 2305.19 granted a plaintiff an additional year to refile an action "'only if dismissal occurred after the original statute of limitations had run.'" *McCullough* at ¶ 14, quoting *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 2009-Ohio-1970, ¶ 8.

> "Sometimes referred to as the 'malpractice trap,' this meant that a plaintiff whose case had been dismissed without prejudice before the original statute of limitations had run was required to refile the action within the original statutory time, regardless of how much time was left." *Id.* But "[t]he General Assembly amended the general saving statute in 2004, closing the malpractice trap and permitting a plaintiff to refile within one year after dismissal or within the time remaining under the statute of limitations, whichever is longer." . . . *Id.* at ¶ 9. By its terms, the savings statute's applicability no longer depends on expiration of the statute of limitations given that it allows a plaintiff to refile up to one year after dismissal of the action or within the time remaining under the limitations period.

*Id.* at ¶ 14, quoting *Eppley* at ¶ 8-9.

{¶ 11} However, the Ohio Supreme Court has held that "the savings statute can be used only once to refile a case." *Thomas v. Freeman*, 79 Ohio St.3d 221, 227, (1997), citing *Hancock v. Kroger Co.*, 103 Ohio App.3d 266 (10th Dist. 1995); *Iglodi v. Montz*, 1995 Ohio App. LEXIS 3797 (8th Dist. Aug. 31, 1995). *See also Rector v. Dorsey*, 2021-Ohio-2675, ¶ 9 (8th Dist.).

{¶ 12} *McCullough* referred to this limitation as the "one-use restriction" and concluded that in light of the 2004 amendment to R.C. 2305.19, the one-use

restriction only applies if the action is dismissed after the statute of limitations has expired. *McCullough* at ¶ 27-29, 35. The court reasoned that because McCullough filed his second complaint within one year of the first dismissal, it did not "save" him from anything because "he remained within the statute of limitations." *Id.* at ¶ 29. The trial court later dismissed McCullough's second complaint for failure to prosecute, but the second dismissal was still within the statute of limitations. *Id.* at ¶ 29, and 44. McCullough then filed his third complaint four months after the expiration of the statute of limitations. *Id.* at ¶ 29.

{¶ 13} The *McCullough* Court concluded that McCullough's third complaint was not barred by the one-use restriction applicable to the savings statute because the savings statute was not used to file the second complaint since it was filed within the statute of limitations and was, therefore, not "saved" from anything. *Id.* at ¶ 30-31. The court further held that even if McCullough had "used" the savings statute when he refiled his second complaint, it found "no reasonable justification for applying a one-use rule to that filing." *Id.* at ¶ 35. The court noted that "the one-use limit on invoking the savings statute originated prior to the 2004 amendment of R.C. 2305.19," and that "the purpose of allowing the savings statute to be used only once was to prevent continuous re-filings after the original statute of limitations had expired." *Id.* The court observed that "[a] one-use restriction, which is not set forth in the statute itself, made sense because prior to the 2004 amendment the savings statute only applied in situations where the statute of limitations had expired." *Id.* Thus, the court asserted that "[t]o the extent that the terms of the savings statute

now address situations where the statute of limitations has not expired, restricting a plaintiff to one refiling *prior to* expiration of the limitations period does not make sense." (Emphasis in original.) *Id.* at ¶ 36.

{¶ 14} *McCullough* is an outlier. Indeed, the *McCullough* Court acknowledged that its holding conflicts with cases from other districts including this one. *Id.* at ¶ 39-45, discussing *Dargart v. Ohio Dept. of Transp.*, 2006-Ohio-6179 (6th Dist.); *Bailey v. Ohio State Dept. of Transp.*, 2008-Ohio-1513 (10th Dist.); *Owens College Nursing Students v. Owens State Community College*, 2014-Ohio-5210 (6th Dist.), and *Rector v. Dorsey*, 2021-Ohio-2675 (8th Dist.).

{¶ 15} This conflict is currently pending in the Ohio Supreme Court. *See McCullough v. Bennett*, 168 Ohio St.3d 1414 (2022). However, until the Ohio Supreme Court resolves this issue, we are constrained to follow our precedent in *Rector. See Fannie Mae v. Hicks*, 2015-Ohio-1955, ¶ 20 (8th Dist.) (holding that this court is bound by its own precedent until the Ohio Supreme Court resolves conflict).

{¶ 16} In *Rector*, 2021-Ohio-2675, the plaintiff, Rector, voluntarily dismissed his personal-injury complaint before expiration of the statute of limitations. He refiled the complaint, but the refiled complaint was dismissed without prejudice as a discovery sanction, and Rector once again refiled the complaint. The trial court granted summary judgment in favor of the defendant on grounds that Rector was barred from using the savings statute to refile his complaint a second time. In affirming the trial court's judgment, we held that Rector has

previously "availed himself of R.C. 2305.19 through the filing of the second action" and "could not twice invoke R.C. 2305.19(A)." We acknowledged the 2004 amendments to R.C. 2305.19(A) and the fact that "the amended language of R.C. 2305.19 no longer distinguished cases dismissed before the expiration of the statute of limitations from those dismissed after." *Id.* at ¶ 8, citing *CapitalSource Bank FBO Aeon Fin., L.L.C. v. Donshirs Dev. Corp.*, 2013-Ohio-1563 (8th Dist.).

{¶ 17} Despite this acknowledgment, we nevertheless held that "'[t]he savings statute can be used only once to refile a case.'" *Id.* at ¶ 9, quoting *Thomas*, 79 Ohio St.3d 227 (1997). We emphasized that "[t]he amendment to R.C. 2305.19 that occurred in 2004 did not alter that conclusion." *Id.*, citing *Linthicum v. Physicians Anesthesia Serv.*, 2019-Ohio-3940, ¶ 8-9 (1st Dist.). We further stated that even if the plaintiff refiles the action before the expiration of the statute of limitations, the refiled complaint is considered to be filed through the invocation of R.C. 2305.19. *Id.*, citing *Brown v. Solon Pointe at Emerald Ridge*, 2013-Ohio-4903, ¶ 24 (8th Dist.) (the refiled complaint was filed within the statute of limitations but was considered to be filed under R.C. 2305.19 such that the third filing of the complaint was time barred).

{¶ 18} Jennifer twice filed a complaint for damages as a result of the June 20, 2021 dog-bite incident in South Euclid Municipal Court. She then filed a third complaint based on the same incident in the Cuyahoga County Court of Common Pleas. Pursuant to *Rector*, we are constrained to find that Jennifer's second complaint was filed through the invocation of R.C. 2305.19. *Rector* at ¶ 9. And

because R.C. 2305.19 may only be invoked once, Jennifer's third refiled complaint was barred by the one-use rule articulated in *Thomas* and *Rector*.

{¶ 19} The first assignment of error is overruled.

### C. Substantially Similar

{¶ 20} In the second assignment of error, plaintiffs argue the claims alleged in their third refiled complaint in the common pleas court are substantially different from the claims alleged in Jennifer's previously filed complaints and that because the new claims are different, they comprise an entirely new action and are, therefore, not barred by the one-use restriction applicable to the savings statute. They contend the savings statute itself is inapplicable because their complaint constitutes a new action.

{¶ 21} "The savings statute applies when the original suit and the new action are substantially the same." *Children's Hosp. v. Ohio Dept. of Pub. Welfare*, 69 Ohio St. 523, 525 (1982). "'[A] new complaint is substantially the same as the original complaint for purposes of the saving statute when the new complaint differs only to the extent that it adds new recovery theories based upon the same factual occurrences stated in the original complaint.'" *Am. Premier Underwriters, Inc. v. GE*, 900 F.Supp.2d 753, 758 (S.D.Ohio 2012), quoting *Stone v. N. Star Steel Co.*, 2003-Ohio-1223 (7th Dist.).

{¶ 22} In *Lanthorn v. Cincinnati Ins. Co.*, 2002-Ohio-6798, ¶ 27 (4th Dist.), the court held that "[w]hether a new action is substantially the same as an original action for purposes of the savings statute does not always depend on whether the

original action set forth the same legal theories as those asserted in the new complaint." Instead, the court explained, "the question largely turns on whether the original complaint and the new complaint contain similar factual allegations so that it can reasonably be said that the party or parties were put on fair notice of the type of claims that could be asserted." *Id.*

{¶ 23} In *Rios v. Grand Slam Grille*, 1999 Ohio App. LEXIS 5448 (8th Dist. Nov. 18, 1999), we held that a new complaint asserting malicious prosecution and abuse of process was substantially the same as the original complaint that asserted only malicious prosecution because the claims in both complaints arose out of the same conduct and both the new and original complaints alleged the same facts establishing the right to relief.

{¶ 24} Similarly, in *Jones v. St. Anthony Med. Ctr.*, 1996 Ohio App. LEXIS 542 (10th Dist. Feb. 20, 1996), the court held that a refiled complaint and the original complaint were substantially the same even though the refiled complaint asserted new theories of recovery because both complaints were based on the same factual occurrence. *See also Andrews v. Scott Pontiac Cadillac GMC, Inc.*, 1989 Ohio App. LEXIS 1950 (6th Dist. June 2, 1989) (holding that a refiled complaint is substantially the same as the original complaint even though the refiled complaint alleges new theories of recovery because the new theories of recovery were based on the same factual occurrence alleged in the original complaint).

{¶ 25} Plaintiffs argue their third complaint is substantially different from Jennifer's prior two complaints, in part, because the third complaint adds Sean as a

new party-plaintiff, and it asserts a new claim for Sean's loss of consortium. However, a loss-of-consortium claim is a derivative cause of action dependent upon the viability of the primary cause of action. *Rivers v. Otis Elevator*, 2013-Ohio-3917, ¶ 29 (8th Dist.), citing *Tourlakis v. Beverage Distribs.*, 2002-Ohio-7252 (8th Dist.), citing *Lynn v. Allied Corp.*, 41 Ohio App.3d 392, 402 (8th Dist. 1987). As a derivative cause of action, Sean's loss-of-consortium claim is also predicated on the same dog-bite incident alleged in Jennifer's prior complaints.

{¶ 26} The other newly alleged claims in the plaintiffs' third complaint are also derived from the same factual occurrence alleged in the first two complaints. These claims include negligent entrustment of the dog, multiple counts of negligence per se, and "negligence per reckless endangerment." However, these new claims are predicated on the defendants' alleged failure to keep the dog current with his rabies vaccinations and misrepresenting the dog's vaccination status, failure to keep the dog's registration up to date, and failure to muzzle or leash the dog. These allegations do not state separate causes of action independent from the underlying negligence and strict liability claims that are based on alleged violations of animal-control laws. And because the claims alleged in Jennifer's original complaint and first refiled complaint were also based on alleged violations of animal-control laws, the newly alleged claims in the third complaint are substantially the same as those alleged in the earlier complaints. They are, therefore, barred by the one-use restriction applicable to the savings statute.

{¶ 27} Accordingly, the second assignment of error is overruled.

**{¶ 28}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
ANITA LASTER MAYS, J., CONCUR