[Cite as *Quellos v. Johnson*, 2024-Ohio-5804.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

SEAN QUELLOS, ET AL.,                    :

    Plaintiffs-Appellants,          :

                               No. 113428

    v.                                            :

RONALD JOHNSON, ET AL.,                 :

    Defendants-Appellees.           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 12, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-980283

---

### *Appearances:*

Richard J. Koloda, *for appellants.*

Ritzler, Coughlin, & Paglia, Ltd., Michael A. Paglia, and Jonathon Angarola, *for appellees.*

EILEEN T. GALLAGHER, J.:

{¶ 1} This cause is before this court on remand from the Ohio Supreme Court for further review of our decision in *Quellos v. Johnson*, 2024-Ohio-2586 (8th Dist.) ("*Quellos I*"), released on July 3, 2024.

{¶ 2} In *Quellos I*, plaintiff, Jennifer Quellos ("Jennifer") and her husband Sean Quellos ("Sean") (collectively "plaintiffs"), appealed the dismissal of their complaint, arguing that the trial court erred in finding that it was barred by R.C. 2305.19(A), Ohio's savings statute. The trial court had held that plaintiffs could not refile the complaint even though the statute of limitations had not expired because the complaint had already been dismissed and refiled once before, and the savings statute only allowed one refiling. We affirmed the trial court's judgment pursuant to our precedent in *Rector v. Dorsey*, 2021-Ohio-2675 (8th Dist.), wherein we held that "'[t]he saving statute can be used only once to refile a case.'" *Id.* at ¶ 17, quoting *Thomas v. Freeman*, 79 Ohio St.3d 221, 227 (1997).

{¶ 3} The Ohio Supreme Court reversed our decision in *Quellos I* and ordered that we reconsider our decision in light of its decision in *McCullough v. Bennett*, 2024-Ohio-2783. In accordance with *McCullough*, we now find that the refiled complaint is not barred by R.C. 2305.19(A) because Jennifer's first two complaints were filed prior to the expiration of the applicable statutes of limitations and the third complaint was filed within one year of the dismissal of Jennifer's complaint without prejudice. We, therefore, reverse the trial court's judgment and remand the case to the trial court for further proceedings.

## I. Facts and Procedural History

{¶ 4} In October 2023, Jennifer filed a complaint in the Cuyahoga County Court of Common Pleas, alleging she was injured on June 20, 2021, when she was mauled by a dog owned by the defendants. Jennifer originally filed a complaint

against the defendants in the South Euclid Municipal Court and asserted claims for strict liability, negligence, and negligent infliction of emotional distress.  In January 2023, the court involuntarily dismissed the case without prejudice for lack of prosecution, pursuant to Civ.R. 41(B).

{¶ 5} Two months later, on March 3, 2023, Jennifer refiled the complaint against the defendants in the South Euclid Municipal Court, alleging the same claims.  While the case was pending, plaintiffs filed a third complaint in the Cuyahoga County Court of Common Pleas.  The third complaint added Jennifer's husband, Sean, as a new-party plaintiff and alleged the same claims as those alleged in the South Euclid actions.  The third complaint also added a loss-of-consortium claim for Sean, a claim for negligent entrustment, and multiple negligence per se claims based on multiple alleged violations of dog-control laws, including, among other things, failure to register the dog and failure to keep the dog current with his rabies vaccine.  After filing the complaint in the common pleas court, Jennifer voluntarily dismissed the complaint that was still pending in the South Euclid Municipal Court.

{¶ 6} Defendants filed a motion for summary judgment, arguing that the plaintiffs' claims were barred under R.C. 2305.19, Ohio's savings statute, because the complaint had previously been filed and dismissed twice before, and the savings statute could only be used once to refile a case.  Plaintiffs opposed the motion, arguing that because the third complaint alleged new claims not previously alleged in the earlier complaints and that because the statute of limitations had not yet

expired, they were not barred from filing the third complaint in the common pleas court. Plaintiffs also filed a motion for summary judgment on their claims.

{¶ 7} The trial court denied plaintiffs' motion for summary judgment and granted summary judgment in favor of defendants on grounds that Ohio's savings statute, R.C. 2305.19, "can only be used once to refile a case." Plaintiffs claim the trial court committed the following assigned errors:

> 1. The trial court's grant of Ohio Civ.R. 56 summary judgment motion to the appellees is (a) contrary to the recent refinement of the savings statute (Ohio Rev. C. 2305.19) as defined by *McCullough v. Bennett* (2022-Ohio-1880)[2d Dist.] that is currently before the Ohio Supreme Court (case 2022-0879)., i.e., are the two refilings after an involuntary dismissal—but all within the statute of limitations—permitted, or does the savings statute restrict it to one.
>
> 2. The trial court failed to note that the second refiling (again within the statute of limitations) was substantially different to the previous filings, and because of the added plaintiff as well as the added tort the next day should be considered a new filing (within the statute of limitations), as opposed to a refiling. The new refiling therefore did not meet the substantial similarity test to a previous filing, and thus permitted a subsequent refiling that did not run afoul of the misinterpretation of the "savings statute" *Ohio Rev. C. 2305.19*. This was because the Appellee-Defendant's deliberate act of an obstruction of official business (*Ohio Rev. C.* 2921.31) the next day placed the Appellant (as well as the community in general) in further jeopardy through the Appellee's depraved indifference towards a clear and present danger. But utilizing the Defendant's flawed logic, the *ex post facto* rabies vaccination was unrelated to Quellos's injury and it was necessary that the Defendant save his unvaccinated dog from the "draconian" Ohio code of being tested, and that this court should ratify his actions — of course, it is irrelevant that the citizens of South Euclid were exposed for twenty-four hours to a dog that should have been seized and tested for rabies. As the obstruction of official business occurred the next day that diffuses the substantial similarity of claims.

(Emphasis in original.)

## II. Law and Analysis

### A. Summary Judgment

{¶ 8} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Once the moving party demonstrates entitlement to summary judgment, the burden shifts to the nonmoving party to produce evidence related to any issue on which the party bears the burden of production at trial. Civ.R. 56(E). Summary judgment is appropriate when, after construing the evidence in a light most favorable to the party against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370 (1998).

### B. One-Use Restriction

{¶ 9} In the first assignment of error, plaintiffs argue the trial court erred in concluding that their complaint was barred by the one-use restriction in Ohio's savings statute. They contend that because the applicable statutes of limitations had not expired, the one-use restriction in the savings statute did not bar the third filing of the complaint.

{¶ 10} R.C. 2305.19, Ohio's savings statute, states, in relevant part:

(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

R.C. 2305.19(A) allows a timely filed claim that has failed "otherwise than upon the merits" to be refiled in a new action if the new action is filed within one year after such failure or within the period of the original applicable statute of limitations, *whichever is later*.

{¶ 11} In *McCullough v. Bennett*, 2024-Ohio-2783, the Ohio Supreme Court held that the one-use restriction in the savings statute does not apply to complaints that have been refiled within the statute of limitations. *Id.* at ¶ 17-21. This is because complaints filed prior to the expiration of the statute of limitations do not constitute a "use" of R.C. 2305.19. *Id.* In other words, complaints filed prior to the expiration of the applicable statutes of limitations do not need to be "saved." *Id.*

{¶ 12} It is undisputed that Jennifer's first two complaints were filed prior to the expiration of the applicable statutes of limitations and that plaintiffs' third complaint was filed within one year of the dismissal of Jennifer's complaint without prejudice. Therefore, pursuant to *McCullough*, the trial court erred in finding that plaintiffs' complaint was barred by a "one-use" restriction in the savings statute.

{¶ 13} The first assignment of error is sustained.

**{¶ 14}** In the second assignment of error, plaintiffs argue the claims alleged in their third complaint are substantially different from the claims alleged in Jennifer's previously filed complaints and that because the new claims are different, they comprise an entirely new action and are, therefore, not barred by the savings statute.

**{¶ 15}** Having concluded that plaintiffs' third complaint was not barred by the savings statute, the second assignment of error is moot. We, therefore, overrule the second assignment of error as moot.

**{¶ 16}** The trial court's judgment is reversed, and the case is remanded to the trial court for further proceedings.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
ANITA LASTER MAYS, J., CONCUR